OPINION OF THE COURT
Kaye, J.
 This appeal presents two discrete issues: first, does our dismissal of defendant’s appeal for failure to prosecute bar his subsequent appeal of the same issue? Second, is defendant properly sentenced in absentia where, after reinstatement of his conviction on appeal and with sentencing as the inevitable next step in the prosecution, he willfully absconds on the day scheduled for his appearance before the Trial Judge? Answering both questions in the affirmative, we affirm the order of the Appellate Division.
Following defendant’s conviction of robbery in the second degree, the trial court set aside the jury verdict and dismissed the indictment, on the ground that admission at trial of the complaining witness’s preliminary hearing testimony violated defendant’s right to confrontation, and the evidence was otherwise insufficient to support the verdict (99 Mise 2d 853). Nearly 15 months later, on August 14, 1980, the Appellate *108 Division (one Justice dissenting) reversed and reinstated the verdict, remanding the matter to the trial court for further proceedings (77 AD2d 835). By letter dated September 4, 1980, defendant was advised that his conviction had been reinstated and ordered to appear September 10 in Part 40 of the Bronx County Supreme Court. The letter concluded with the warning: "Failure to appear may result in a bench warrant being ordered for your arrest.” Defendant immediately contacted trial counsel, who explained to him (in her words) "the full potential consequences of what has happened on this case,” and told him to be in court the morning of September 10. Defendant assured her that he would be there and face whatever was to be.
On the appointed morning, defendant indeed appeared with his counsel, but the Judge was engaged in other matters. Defendant was to return at 2 p.m. At approximately 2:30 p.m., the clerk called "Number one on the sentence calendar, People against Dwight Corley,” but defendant was not present. A colloquy ensued before the Trial Judge. As the prosecutor later reported, defense counsel "said to the court that her client was supposed to come back in the afternoon for purposes of fixing bail or not.” The prosecutor sought a bench warrant, pointing out that defendant had not been seen since 9:30 a.m., that he was a predicate felon with a prior bench warrant issued for his appearance, and that "if the defendant had been thinking that Your Honor was going to set some bail earlier this morning, there would be all the more reason for him not to be here.” The court issued a bench warrant but stayed execution, allowing defense counsel eight days to locate her client.
On September 18, counsel having been unsuccessful in locating her client, the warrant was executed. The court at a hearing October 23, 1980 found that the People had made diligent efforts to locate defendant, and that he had willfully absented himself from the court for the purpose of frustrating the proceedings. Noting defendant’s very extensive prior criminal record, the court sentenced him in absentia to a prison term of 5 to 10 years.
Defendant had on September 19, 1980 been granted leave to appeal the Appellate Division order reinstating his conviction, but on December 18, 1980 that appeal was dismissed on the ground that defendant was "not presently available to obey the mandate of the Court of Appeals in the event of an *109 affirmance” (52 NY2d 783). In 1982 defendant was apprehended on other charges and the sentence executed. By order dated October 12, 1982, this court granted his motion to vacate the order of dismissal and reinstated his appeal (57 NY2d 861), but four months later his appeal was again dismissed, this time for failure to prosecute (58 NY2d 972).
Defendant now urges that his conviction should be reversed because of the erroneous admission at trial of the complaining witness’s preliminary hearing testimony — the very same issue that prompted the trial court’s postverdict dismissal of the indictment and the Appellate Division’s reversal.
We decline to reach the merits of this claim, on the ground that dismissal of defendant’s prior appeal for want of prosecution acted as an adjudication "on the merits of all claims which could have been litigated had the appeal been timely argued or submitted” (Bray v Cox, 38 NY2d 350, 355; see also, Matter of Crescenzi, 64 NY2d 774; Siegel, NY Prac § 542). The rationale of Bray applies with equal force here. Once having dismissed an appeal for failure to prosecute, we foster disrespect and indifference toward our rules and orders, encourage laxity and extend the already lengthy litigation process if we simply ignore our own order and proceed to a consideration of the issue tendered by the dismissed appeal. (Contrast, People v Green, 56 NY2d 427, where defendant withdrew his interlocutory appeal, 53 NY2d 704, and the court later addressed the merits.) We are unwilling to invite these consequences in genéral, and particularly unwilling to do so here, where defendant secured permission to appeal (which was dismissed when he absconded), then was granted permission to reinstate the appeal, and then allowed four months to pass without taking the prescribed steps to prosecute the appeal.
Nor does defendant fare better with his contention that he was improperly sentenced in absentia.
Any right defendant may have had to be present at sentencing can be waived (see, People v Stroman, 36 NY2d 939, 940; Matter of Root v Kapelman, 67 AD2d 131, 136, lv denied 47 NY2d 706), or lost as a matter of public policy when the evidence unambiguously indicates "a defiance of the processes of law sufficient to effect a forfeiture” (People v Sanchez, 65 NY2d 436, 444). Just as a defendant forfeits any right to be present at sentencing by absconding during trial (see, People v Sanchez, supra), so for the same policy reasons does a defen *110 dont lose that right by absconding to frustrate scheduled proceedings before the Trial Judge in connection with sentencing.
Whereas waiver results from a knowing, voluntary and intelligent decision, forfeiture occurs by operation of law, based on objective facts and circumstances and without regard to defendant’s actual state of mind (People v Sanchez, supra, pp 443-444, n; People v Parker, 57 NY2d 136, 140). Here, there was ample basis in the objective facts and circumstances for the undisturbed finding that defendant willfully absented himself from court for the purpose of frustrating the sentencing process. Defendant was informed that his robbery conviction had been reinstated, and told the full potential consequences of this fact. He arrived in court on the scheduled day to face whatever was to be. All efforts to secure his presence failed. It is of no moment that, as defendant argues, sentence likely would not have been imposed that day. With the reinstatement of his conviction, sentencing was all that remained in the prosecution.
Defendant’s reliance on People v Stroman (36 NY2d 939, supra) is misplaced. Defendant there left the courtroom after a colloquy with the court, and was in a detention pen immediately adjacent to the courtroom when he was sentenced in absentia; no effort was made to return him to the courtroom for sentencing, and he was not informed of any right to be present. While no relinquishment of any right to be present could be implied from defendant’s absence in those circumstances, the facts before us are materially different. Defendant here must have known that the scheduled proceeding concerned sentencing and he acted deliberately to frustrate the process. In these circumstances, he forfeited any right to be present at sentencing.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur.
Order affirmed.