■ IRMA TEPPER, Respondent, v FRANK FURINO et al., Appellants. EDWARD M. ROSENSTEEL, Stakeholder. [659 NYS2d 43] —In an action to recover damages for breach of contract in which the plaintiff's motion for summary judgment on the complaint was granted by order of the Supreme Court, Queens County (Milano, J.), dated March 18, 1994, the defendants appeal (1) as limited by their brief, from so much of an order of the same court, dated September 20, 1995, as, upon granting their motion to reargue the plaintiff's motion for summary judgment, adhered to its prior determination, and (2) an order of the same court, also dated September 20, 1995, which denied their motion to vacate the judgment entered May 26, 1995.

Ordered that the appeal from the order dated September 20, 1995, made upon reargument is dismissed; and it is further,

Ordered that the order dated September 20, 1995, denying the defendants' motion to vacate the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The order dated September 20, 1995, which granted reargument, and upon reargument, adhered to the prior determination granting summary judgment to the plaintiff is not reviewable, as the appeal from the order dated March 18, 1994, granting summary judgment was dismissed by decision and order on motion of this Court dated January 5, 1995 (App Div Docket No. 94-03759) for failure to perfect the appeal. The dismissal of that appeal for want of prosecution was an adjudication on the merits with respect to all issues which could have

been reviewed therein, and the defendants are therefore precluded from obtaining appellate review of those issues at this time *(see, Bray v Cox,* 38 NY2d 350, 355; *Feeley v Midas Props.,* 221 AD2d 314, 315; *Montalvo v Nel Taxi Corp.,* 114 AD2d 494).

The trial court properly exercised its discretion in denying the defendants' motion to vacate the judgment since the defendants failed to establish that they had a reasonable excuse for their default *(see, Martinez v Otis El. Co.,* 213 AD2d 523; *Morris v Metropolitan Transp. Auth.,* 191 AD2d 682), and that they had a meritorious claim with respect to the damages awarded *(see generally,* CPLR 6514 [c]; *Mohen v Mooney,* 205 AD2d 670; *Alexsey v Kelly,* 205 AD2d 650). Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.