*753
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 The core question before us is a practice issue that has recurred in varying forms: what is the consequence of abandoning an appeal and then, later in the litigation, filing a second appeal presenting the same issue? Consistent with our precedents, we conclude that the Appellate Division, in the circumstances presented, correctly dismissed the second appeal.
 

 On March 31, 1990, plaintiff Thomas Rúbeo contracted with Bedford Construction Management Corporation to build a house in Katonah, New York. Defendant National Grange Mutual Insurance Company (NGM) insured Bedford. After the septic system installed in the house malfunctioned, plaintiff sued Bedford, alleging defective construction, and obtained a default judgment for $125,322.50. Unable to recover from Bed-ford, plaintiff in 1994 sued the insurer to collect the unsatisfied judgment. NGM moved for summary judgment, and on May 15, 1997, Supreme Court granted the motion, holding that the terms of the insurance policy specifically excluded coverage for the damage at issue. Plaintiff filed a notice of appeal and simultaneously sought reargument in Supreme Court, contending that the court had overlooked his argument that the insurer had failed to issue a timely disclaimer. On August 22, 1997, Supreme Court granted reargument, and upon reargument, adhered to its decision, holding that NGM had timely disclaimed liability. Plaintiff filed a second notice of appeal.
 

 Plaintiff, however, failed to perfect Ms first appeal within six months, as required by the Appellate Division, Second Department (see, 22 NYCRR 670.8 [e]). Consequently, pursuant to 22 NYCRR 670.8 (h), the Appellate Division included the appeal
 
 *754
 
 in a published list of cases that would be dismissed as abandoned unless a motion to extend the time to perfect were made within 10 days. Plaintiff did not seek an enlargement of time, and on February 18, 1998, the Appellate Division dismissed the appeal for failure to prosecute.
 

 On February 27, 1998, plaintiff perfected his second appeal, but the Appellate Division dismissed it as well, citing
 
 Bray v Cox
 
 (38 NY2d 350). The court held that “plaintiff is barred from raising the issue of the timeliness of the insurance carrier’s disclaimer of coverage on this appeal. The issue could have been raised in the prior appeal from the order dated May 15, 1997, which was dismissed as abandoned.” (255 AD2d 306.) We affirm.
 

 Analysis
 

 In
 
 Bray v Cox
 
 (38 NY2d 350), this Court held that, if an appeal has been dismissed for failure to prosecute, any subsequent appeal raising an issue presented by the earlier appeal is subject to dismissal. There, the trial court dismissed plaintiff’s personal injury claim, arising out of a car accident, on the ground that the Ontario guest statute applied. The Appellate Division reversed, and this Court granted defendant leave to appeal. Defendant, however, failed to perfect his appeal, and we later dismissed it for want of prosecution. After a jury verdict for plaintiff, defendant appealed directly to this Court pursuant to CPLR 5601 (d), arguing again that the Ontario guest statute applied.
 

 This Court dismissed defendant’s second appeal on the ground that “a prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal”
 
 (Bray v Cox, supra,
 
 38 NY2d, at 353). As we noted, if no penalty were imposed for failing to prosecute an earlier appeal, litigants could use the appellate process as a means of “delaying enforcement of judgments and the inevitable payment of just debts and obligations”
 
 (id.,
 
 at 353). Further, we concluded that, as a prudential matter, an appellant should not “have two opportunities to appeal to this [C]ourt on identical issues”
 
 (id.,
 
 at 353;
 
 see also,
 
 Siegel, NY Prac § 542, at 898 [3d ed]).
 

 People v Corley
 
 (67 NY2d 105) applied those same principles in a criminal case. Citing
 
 Bray,
 
 we reasoned that after an appeal has been dismissed for failure to prosecute, permitting a subsequent appeal on the same issue would “encourage laxity” as well as “foster disrespect and indifference toward our rules and orders”
 
 (id.,
 
 at 109).
 

 
 *755
 
 We were unwilling to abide those consequences in
 
 Corley,
 
 and we remain unwilling to do so here. Plaintiff raised the same issue on his appeal from the original May 15, 1997 order that he raised on appeal from the subsequent August 22, 1997 order. However, he chose to ignore the first appeal, requiring the Appellate Division to take steps to dismiss the matter. As we stated in
 
 Corley,
 
 that sort of laxity and disrespect toward court procedures should not be condoned.
 

 Plaintiff tries to distance himself from
 
 Bray
 
 and
 
 Corley
 
 by arguing that his first appeal, according to CPLR 5517 (a) (1), remained viable even after Supreme Court granted reargument, and thus he had the right to file both appeals. The issue before us, however, is not whether plaintiff had the right to file both appeals — no one disputes that he did
 
 (see,
 
 Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5517:1, at 209; Siegel, NY Prac,
 
 op. cit.,
 
 § 532, at 879;
 
 see also,
 
 CPLR 5701 [a] [2] [viii] [eff July 20, 1999] [explicitly authorizing appeal from an order granting leave to reargue]). In
 
 Bray
 
 as well, appellant unquestionably had the right to file his second appeal pursuant to CPLR 5601 (d)
 
 (see, Bray v Cox, supra, 38
 
 NY2d, at 353). Rather, the issue here, as in
 
 Bray,
 
 is whether, having decided to file both appeals, plaintiff had the right to pursue the second appeal after allowing the first to die on the vine. Clearly, he did not.
 

 CPLR 5517 does not mandate a contrary result. That section, derived from Civil Practice Act § 562-a, was enacted in order to ensure that an appeal remains viable where the trial court grants reargument of the order appealed from, and then on reargument adheres to its original decision. The statute was designed to reverse a string of court cases holding to the contrary
 
 (see,
 
 17th Ann Report of NY Jud Council, at 207-211 [1951];
 
 see also,
 
 12 Weinstein-Korn-Miller, NY Civ Prac ¶ 5517.01). CPLR 5517 was not intended, however, to permit litigants to engage in the dilatory practice of allowing an appeal to be dismissed for want of prosecution and then later pursuing a second appeal on the same issue.
 

 Notably, plaintiff could have avoided his present predicament in several ways. He could have timely perfected his original appeal. He could have moved the Appellate Division for an extension of time to perfect that appeal
 
 (see,
 
 22 NYCRR 670.8 [d]-[h]). If plaintiff knew that he could not perfect the first appeal in a timely manner, he could have withdrawn it, sparing the Appellate Division the burden of carrying, monitoring and ultimately dismissing it. After withdrawing the first appeal,
 
 *756
 
 plaintiff could have continued to pursue the second appeal, if he so desired
 
 (see, e.g., People v Green,
 
 56 NY2d 427, where defendant withdrew his interlocutory appeal [53 NY2d 704] and court later addressed the merits). Plaintiff, however, simply chose to abandon his first appeal, showing complete indifference toward the court system. We cannot say that, in these circumstances, dismissal of plaintiffs second appeal was erroneous as a matter of law.
 

 Nor does the result we reach conflict with
 
 Aridas v Caserta
 
 (41 NY2d 1059), as plaintiff contends. In
 
 Aridas,
 
 the Appellate Division dismissed defendants’ first appeal for failure to prosecute, and then decided defendants’ second appeal — though based on the same issue — on the merits. Recognizing that the Appellate Division retained “continuing jurisdiction” to reconsider its prior determination, we concluded that the Appellate Division’s discretionary decision to hear the second appeal was not error as a matter of law
 
 (id.,
 
 at 1061;
 
 see also, Faricelli v TSS Seedman’s,
 
 94 NY2d 772 [decided today]).
 
 Aridas
 
 recognizes the Appellate Division’s discretion to entertain an appeal after dismissal of a prior appeal for failure to prosecute, but it does not
 
 require
 
 the Appellate Division to do so. Moreover, we have no doubt that the Appellate Division was well aware that it had the discretion to entertain plaintiffs appeal if it wished
 
 (see, e.g., Brosnan v Behette,
 
 243 AD2d 524, another Second Department case). Thus, there is no need to remit this case to the Appellate Division for an exercise of discretion.
 

 Finally, plaintiff argues that in other cases where appeals have been filed from the original order as well as from the order on reargument adhering to the original decision, the Appellate Division has dismissed the appeal from the original order as academic or superseded, and then considered the second appeal on the merits. However, even if the Appellate Division has, on occasion, exercised its discretion to hear a subsequent appeal, it certainly was not required to do so in the case at hand. Moreover, there is no indication in the cases cited by plaintiff that the first appeal was not timely perfected
 
 (see, e.g., Bents v City of New York,
 
 257 AD2d 372 [1st Dept];
 
 Andrews v LaRuffa,
 
 257 AD2d 553 [2d Dept];
 
 Ryan v McLean,
 
 209 AD2d 913 [3d Dept];
 
 Public Serv. Truck Renting v Ambassador Ins. Co.,
 
 136 AD2d 911 [4th Dept]). Where, as here, the first appeal has been dismissed for failure to perfect in a timely fashion, the Appellate Division has held that dismissal of the second appeal is appropriate
 
 (see, Tepper v Furino,
 
 239 AD2d 405, 405-406,
 
 lv dismissed
 
 91 NY2d 866).
 

 
 *757
 
 Plaintiff points to
 
 Dennis v Stout
 
 (24 AD2d 461), where the Appellate Division held that the appellant “properly abandoned” his appeal from the original order after the trial court issued an order, on reargument, adhering to its original decision, from which a new notice of appeal was filed
 
 (id.,
 
 at 461-462).
 
 Dennis,
 
 however, was decided in 1965 — 11 years before our holding in
 
 Bray
 
 that the abandonment of a prior appeal justifies dismissal of a second appeal.
 

 In short, the message is clear and consistent: the filing of an appeal is not inconsequential. An appeal left untended may be dismissed as abandoned, and appellant may be precluded from later appealing the same issue.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
 

 Order affirmed, with costs.