■ VIRGINIA AZOR, Appellant, v GERALD DELVA et al., Respondents. [762 NYS2d 94] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered May 31, 2002, as, in effect, upon reargument, adhered to its prior determination in an order of the same court dated February 11, 2002, granting the motion of the defendants Gerald Delva and Rose M. Nozille-Delva and the separate motion of the defendant Mentor A. Bustos for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did

not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal is dismissed, with costs.

The plaintiff's motion was improperly denominated as one for leave to renew and reargue. Since the plaintiff's motion was not based upon new facts which were unavailable at the time of the prior motions, it was, in effect, a motion for leave to reargue.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). Here, the plaintiff appealed from the order dated February 11, 2002, which granted the motion of the defendants Gerald Delva and Rose M. Nozille-Delva and the separate motion of the defendant Mentor A. Bustos for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). That appeal (App Div Docket No. 2002-02586) was dismissed by decision and order on motion of this Court dated November 12, 2002, for failure to prosecute. The dismissal for lack of prosecution is ground for dismissal of the instant appeal which raises issues which could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox, supra*). Altman, J.P., Smith, Adams and Cozier, JJ., concur.