■ Johnny Parsuram, Appellant, v I.T.C. Bargain Stores, Inc., Respondent, et al., Defendants. (And a Third-Party

Action.) [760 NYS2d 346] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated February 19, 2002, as, upon reargument, adhered to a prior determination in an order of the same court dated October 30, 2001, granting that branch of the motion of the defendant I.T.C. Bargain Stores, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal is dismissed, with costs.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). The plaintiff appealed from a prior order of the Supreme Court, Kings County, dated October 30, 2001, which granted that branch of the motion of the defendant I.T.C. Bargain Stores, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it. By decision and order of this Court dated November 12, 2002, that appeal (App Div Docket No. 2001-10877) was dismissed for failure to prosecute (*see* 22 NYCRR 670.8 [h]). Because of the dismissal for lack of prosecution, this Court will not, under the circumstances of this case, consider the issues that could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox, supra*). Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.