■ In the Matter of EARNESTINE JOHNSON, Respondent, v JAMES BAKER et al., Respondents, and REYNARD BAMBERG, Appellant [762 NYS2d 514] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (DePhillips, J.), dated October 15, 2001, which denied his motion, in effect, to vacate a prior order of the same court dated November 6, 1992 (Clark, J.), granting custody of the subject child to the paternal great-grandparents, and a prior order of the same court dated March 1, 1999 (Friedman, J.), granting custody of the subject child to the petitioner, a great-aunt.

Ordered that the order dated October 15, 2001, is affirmed, without costs or disbursements.

As a general rule, we do not consider any issue on a subsequent appeal that was raised, or could have been raised, on an earlier appeal which was dismissed for lack of prosecution (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]; Jelicks v Camacho, 290 AD2d 535 [2002]). Here, the father appealed from the prior order dated November 6, 1992, granting custody of the subject child to the paternal great-grandparents, and the prior order dated March 1, 1999, granting custody of the subject child to the petitioner, a great-aunt. Those appeals were dismissed by this Court for failure to prosecute. Under the circumstances of this case, the father should not be permitted to raise any issue that could have been raised on the prior appeals.

The father's remaining contentions are without merit. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.