■ FREDERICK M. JAFFE, Respondent, v WILLIAM A. JAFFE, Appellant. [837 NYS2d 878]—In an action, inter alia, pursuant to RPAPL article 9 for the partition of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered August 9, 2005, as directed disbursement to the plaintiff of the sum of $60,095.11 in excess funds from a referee's sale of the subject real property, and disbursement to him of the sum of only $16,201.20 from those funds.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant argues that the plaintiff was not entitled to relief in this action because of "unclean hands." He further contends that the Supreme Court failed to follow the procedures for partition actions as articulated in RPAPL article 9, including the right to a jury trial pursuant to RPAPL 907 (2). In addition, the defendant argues that, contrary to the plaintiff's contention, a stipulation entered into by the parties in February 2002 did not settle this partition action, and that there are issues of fact as to whether he breached the stipulation in any event. However, in a prior order dated May 14, 2003, the Supreme Court stated that the defendant breached the February 2002 stipulation, directed the court-appointed referee to sell the subject real property, and fixed a minimum price for the sale. The defendant appealed from that order, but did not perfect his appeal. That appeal was dismissed for failure to prosecute by decision and order on motion of this Court dated February 6, 2004.

As a general rule, this Court will not consider an issue raised on a subsequent appeal that was raised or could have been raised in an earlier appeal from an order which was dismissed for lack of prosecution, although this Court has inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]; Cesar v Highland Care Ctr., Inc., 37 AD3d 393 [2007]). We decline to review those issues which could have been raised on the prior appeal.

The Supreme Court properly approved the distribution of excess funds by the court-appointed referee who sold the subject real property pursuant to the order of the Supreme Court dated May 14, 2003.

The parties' remaining contentions are either not properly before this Court or are without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.