■ In the Matter of CITY OF NEW YORK, SOUTH JAMAICA I URBAN RENEWAL AREA. LUIS GONZALEZ et al., Appellants; CITY OF NEW YORK, Respondent. [838 NYS2d 161]—In a condemnation proceeding, the claimants appeal from a final decree of the Supreme Court, Queens County (Rios, J.), entered May 19, 2006, which, upon a decision of the same court dated March 10, 2006, made after a nonjury trial, awarded them the principal sum of only $47,500 as just compensation for the taking of their real property.

Ordered that the final decree is affirmed, with costs.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). Here, the claimants previously appealed from an interlocutory order in this matter dated May 17, 2005, which, inter alia, denied their motion to direct the exchange of appraisal reports and precluded both parties from submitting appraisal testimony. That appeal was dismissed for failure to prosecute by decision and order on motion of this Court dated April 4, 2006. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues that could have been reviewed therein, including the propriety of the Supreme Court's determination precluding appraisal evidence, and we decline to review the same issues on this appeal (*see Rubeo v National Grange Mut. Ins. Co., supra* at 756; *Matter of Talt v Murphy*, 35 AD3d 486 [2006]; *Motelson v Candon Ct. Homeowners Assn., Inc.*, 34 AD3d 543, 543-544 [2006]; *S.K. Mtge. Holdings Ltd. Partnership v Subirats*, 28 AD3d 460, 461 [2006]).

Further, the claimants did not establish their entitlement to damages in excess of the condemnor's $47,500 valuation of the subject property (*see Heyert v Orange & Rockland Util.*, 17 NY2d 352, 364 [1966]; *cf. Chase Manhattan Bank v State of New York*, 103 AD2d 211, 221-222 [1984]). The claimants' proffered evidence regarding comparable sales was not admissible (*see* Administrative Code of City of NY § 5-314 [a]). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.