■ ROBERT MIRABELLI et al., Appellants, v MERCHANTS INSURANCE COMPANY OF NEW HAMPSHIRE, Respondent. [866 NYS2d 729]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that a loss to the plaintiffs' property is covered under an insurance policy issued by the defendant, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated June 7, 2007, which granted the defendant's motion, in effect, for summary judgment dismissing the first cause of action and on the fifth cause of action declaring that the loss to the plaintiffs' property is not covered under the insurance policy issued by the defendant, and denied their cross motion, among other things, for summary judgment on the fifth cause of action declaring that the loss to their property is covered under the subject insurance policy.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the loss to the plaintiffs' property is not covered under the insurance policy issued by the defendant.

On its motion, the defendant established its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), by demonstrating, prima facie, that a loss to the plaintiffs' property was not covered under the subject insurance policy. The defendant provided evidence establishing that the plaintiffs not only failed to comply with a policy provision requiring that the property have a particular type of fire alarm, but also failed to fulfill their obligations under the policy's cooperation clause (see 232 Broadway Corp. v New York Prop. Ins. Underwriting Assn., 206 AD2d 419, 421 [1994]; Dyno-Bite, Inc. v Travelers Cos., 80 AD2d 471, 473-474 [1981]). Since, in opposition, the plaintiffs failed to raise a triable issue of fact, the Supreme Court properly granted the defendant's motion (see Alvarez v Prospect Hosp., 68 NY2d at 324).

The plaintiffs' remaining contentions either have not been reviewed (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754-757 [1999]; Bray v Cox, 38 NY2d 350, 353-355 [1976]), or are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the loss to the plaintiffs' property is not covered under the subject insurance policy (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.