stay on the release of funds in [the judgment debtor's] HSBC Bank Account is lifted." We agree with HSBC that this language, while it may have dissolved the temporary restraining order contained in the order to show cause dated January 5, 2007 did not directly address the underlying restraining notice.

Since the March 23, 2007 order did not expressly vacate the restraining notice, the hesitation exhibited by HSBC when Mc-Clair inquired about the release of funds from her account was understandable and cannot be deemed contemptuous. Civil contempt sanctions are not warranted unless it is shown that the alleged contemnor wilfully violated a clear and unequivocal mandate of the court (*see Moore v Davidson,* 57 AD3d 862 [2008]; *Geffner v North Shore Univ. Hosp.,* 57 AD3d 839 [2008]; *City Wide Sewer & Drain Serv. Corp. v Carusone,* 39 AD3d 687, 688 [2007]). No such showing has been made here (*see Aspen Indus. v Marine Midland Bank,* 52 NY2d 575, 579 [1981]; *see also Nardone v Long Is. Trust Co.,* 40 AD2d 697 [1972] [restraining notice remained valid despite ex parte stay, which "merely prohibited (the judgment creditor) from gaining actual possession of the judgment debtor's funds"]). "[A]ny ambiguity in the [C]ourt's mandate should be resolved in favor of the would-be contemnor" (*Hae Mook Chung v Maxam Props., LLC,* 52 AD3d 423, 423 [2008]; *see Richards v Estate of Kaskel,* 169 AD2d 111, 122 [1991]). Since the order dated March 23, 2007 was unclear, HSBC cannot be held in contempt and, in any event, HSBC, by all indications, acted at all relevant times in good faith.

The parties' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.

■ Xɪ Fᴀɴɢ Tᴇᴍᴘʟᴇ, Appellant, v Hᴏᴘᴇᴛᴇʟ, LLC, et al., Respondents. [879 NYS2d 178]—In an action, inter alia, to compel specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered February 25, 2008, as, in effect, upon reargument, adhered to a prior determination in an order and judgment (one paper) entered March 22, 2006, among other things, granting the defendants' cross motion, in effect, for summary judgment dismissing the second amended complaint.

Ordered that the appeal is dismissed, without costs or disbursements.

As a general matter, this Court does not consider any issue raised on a subsequent appeal that was raised, or could have

been raised, in an earlier appeal that was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (see *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]; *Matter of City of N.Y., S. Jamaica I Urban Renewal Area*, 41 AD3d 595 [2007]). Here, the plaintiff previously appealed from the order and judgment entered March 22, 2006, in which the Supreme Court determined, inter alia, that the agreement between the parties did not satisfy the statute of frauds and, therefore, was not enforceable as a real estate sales contract, and dismissed the second amended complaint. That appeal was dismissed for failure to prosecute by decision and order on motion of this Court dated August 13, 2007. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues regarding the agreement that could have been reviewed therein, and there is no basis to review the same issues on this appeal (see *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d at 756; *Matter of Talt v Murphy*, 35 AD3d 486 [2006]; *Motelson v Candon Ct. Homeowners Assn., Inc.*, 34 AD3d 543, 543-544 [2006]). Accordingly, we dismiss the plaintiff's current appeal. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.

◼ In the Matter of NOEL ALEXANDER, SR., Respondent, v MARTHA ALEXANDER, Appellant. [880 NYS2d 100]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Currier-Woods, J.), entered May 12, 2008, as, after a hearing, granted that branch of the petition which was to modify the visitation schedule provided in the parties' stipulation of settlement dated June 11, 2003, which was incorporated but not merged into the judgment of divorce, and directed the enrollment of the child in a Big Brothers of America program through the Boys and Girls Club.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the enrollment of the child in a Big Brothers of America program through the Boys and Girls Club; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change of circumstances and that modification is required (see Family Ct Act