HSBC Bank USA v Willis (2020 NY Slip Op 04931)





HSBC Bank USA v Willis


2020 NY Slip Op 04931


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-12704 
2017-06443
 (Index No. 18736/09)

[*1]HSBC Bank USA, etc., respondent,
v
Vernon Willis, appellant.


Duncan, Fish & Vogel, LLP, Smithtown, NY (Richard E. Fish of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from (1) a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), entered July 6, 2016, and (2) an order of the same court (Howard H. Heckman, Jr., J.), dated March 17, 2017. The judgment of foreclosure and sale, upon an order of the same court (Ralph T. Gazzillo, J.) dated May 23, 2016, granting the plaintiff's motion, inter alia, to substitute a new affidavit of merit and to restore the action to the calendar, and denying the defendant's cross motion, in effect, for leave to renew his prior motion to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint, which had been denied in an order of the same court (Ralph T. Gazzillo, J.), dated July 28, 2015, and for leave to amend his answer, directed the sale of the subject property. The order dated March 17, 2017, denied the defendant's motion, inter alia, to stay the foreclosure sale and to dismiss the action as abandoned.
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that the order dated March 17, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2007, the defendant borrowed $209,350 from American Brokers Conduit, secured by a mortgage on certain residential property. The note was endorsed in blank and the mortgage was assigned to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), which, in turn, assigned the mortgage to the plaintiff on May 5, 2009.
The instant mortgage foreclosure action was commenced on May 13, 2009. The defendant interposed an answer.
By notice of motion dated June 11, 2010, the plaintiff moved, inter alia, for summary judgment on the complaint and to appoint a referee. In support of its motion, the plaintiff submitted the affidavit of Herman John Kennerty, a vice president of loan documentation of Wells Fargo Bank, N.A., identified as attorney in fact for the plaintiff. That motion was granted, without opposition, [*2]by order dated November 4, 2010, and a referee was appointed to compute the amount due to the plaintiff.
By notice of motion dated October 30, 2014, the defendant moved, in effect, to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint. In support, his counsel alleged that "in searching [his] file, there is no Notice of the Motion for Summary Judgment, Decision nor anything else," and that there were "standing issues" which would have been raised in response to the motion. In opposition, the plaintiff submitted an affidavit of service indicating that the motion papers had in fact been served on the defendant's counsel by mail. During the pendency of the motion, on November 12, 2014, the referee filed a report, assessing the amount allegedly due to the plaintiff.
The defendant's motion was denied by order dated July 28, 2015, on the ground that the defendant did not show a reasonable excuse for his default and a potentially meritorious opposition to the plaintiff's motion. The defendant appealed from that order. That appeal was dismissed by decision and order on motion of this Court dated September 19, 2016, for failure to timely perfect.
Thereafter, the plaintiff moved, inter alia, to restore the action to the calendar, for leave to substitute a new affidavit of merit, and for a judgment of foreclosure and sale. The plaintiff's attorney noted that he was substituted as attorney of record in December 2011 for Steven J. Baum, P.C., and asserted that "[d]ue to the volume of the number [of] files being transferred and requirements under Administrative Order 548/10 and Administrative Order 431/11, the Plaintiff's attorney was unable to proceed within the time frame required by the [c]ourt." The plaintiff's attorney also asserted that the filing of the new affidavit of merit was required because "[t]his firm was notified by its Client that there may have been irregularities with the execution and notarization" of the prior affidavit. The defendant cross-moved, in effect, for leave to renew his motion to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint, and for leave to amend his answer. The Supreme Court denied that branch of the defendant's cross motion which was, in effect, for leave to renew his motion to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint, on the ground that no new facts were alleged which would change the prior determination, in effect, denied that branch of the defendant's cross motion which was for leave to amend his answer, granted the plaintiff's motion, and issued a judgment of foreclosure and sale.
By order to show cause dated October 19, 2016, the defendant moved to stay the foreclosure sale, scheduled for November 3, 2016, noting that the judgment of foreclosure and sale was not served upon him until October 5, 2016. The defendant also sought, inter alia, to dismiss the action as abandoned. That motion was denied by order dated March 17, 2017.
On appeal, the defendant contends, in effect, inter alia, that the Supreme Court should have granted his motion, in effect, to vacate his default in opposing the plaintiff's motion, among other things, for summary judgment on the complaint. This contention could have been raised on the defendant's appeal from the order dated July 28, 2015, which was dismissed by decision and order on motion of this Court dated September 19, 2016, for failure to timely perfect. We decline to consider issues that could have been raised on that appeal, since "[a]s a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so" (Parente v Zevelez, 169 AD3d 1058, 1058; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353).
Moreover, permitting the substitution of a new affidavit of merit to comply with new requirements for execution of affidavits of merit in foreclosure actions was a proper exercise of discretion (see U.S. Bank N.A. v Eaddy, 109 AD3d 908).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court