Wilmington Sav. Fund Socy., FSB v Isom (2021 NY Slip Op 00203)





Wilmington Sav. Fund Socy., FSB v Isom


2021 NY Slip Op 00203


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-01621
 (Index No. 612061/17)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Allison Isom, et al., appellants, et al., defendants.


Callegari Law, P.C., Farmingdale, NY (Dominick J. Callegari and Christopher Thompson of counsel), for appellants.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Allison Isom, Geneva Isom Gibson, and Terrence A. Roberts appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 26, 2018. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated May 8, 2018, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Allison Isom, Geneva Isom Gibson, and Terrence A. Roberts , to strike those defendants' affirmative defenses, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith.
The plaintiff commenced this action against, among others, the defendants Allison Isom, Geneva Isom Gibson, and Terrence A. Roberts (hereinafter collectively the defendants) to foreclose a mortgage. The defendants interposed an amended answer.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their affirmative defenses, and for an order of reference. In an order dated May 8, 2018, the Supreme Court granted the plaintiff's motion. The defendants took an appeal from the order dated May 8, 2018, and that appeal was deemed dismissed for failure to timely perfect.
The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the plaintiff's motion and cross-moved for certain relief. In an order and judgment of foreclosure and sale dated November 26, 2018, the Supreme Court, inter alia, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal from the order and judgment of foreclosure and sale.
The Court of Appeals has held that "if an appeal has been dismissed for failure to prosecute, any subsequent appeal raising an issue presented by the earlier appeal is subject to dismissal" (Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; see Matter of Wagner, 66 NY2d 913, 913-914; Bray v Cox, 38 NY2d 350, 353). The Court reasoned that "after an appeal has been dismissed for failure to prosecute, permitting a subsequent appeal on the same issue would 'encourage laxity' as well as 'foster disrespect and indifference toward our rules and orders'" (Rubeo v National Grange Mut. Ins. Co., 93 NY2d at 754, quoting People v Corley, 67 NY2d 105, 109). The Court further explained that "if no penalty were imposed for failing to prosecute an earlier appeal, litigants could use the appellate process as a means of 'delaying enforcement of judgments and the inevitable payment of just debts and obligations'" (Rubeo v National Grange Mut. Ins. Co., 93 NY2d at 754, quoting Bray v Cox, 38 NY2d at 353).
Here, under the circumstances of this case, we decline to exercise our jurisdiction to determine the merits of the appeal to the extent that it raises issues that could have been raised on the appeal from the order dated May 8, 2018, which was deemed dismissed for failure to perfect (see Green Tree Credit, LLC v Jelks, 120 AD3d 1299, 1300; Madison Realty Capital, L.P. v Broken Angel, LLC, 107 AD3d 766, 767).
However, as the defendant correctly contends, the Supreme Court erred in confirming the referee's report. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310).
Here, as the defendant correctly contends, the affidavit of an assistant vice president of Rushmore Loan Management Services, LLC, submitted for the purpose of establishing the amount due and owing under the subject mortgage loan, "constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records he purportedly relied upon in making his calculations" (Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Thus, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see Nationstar Mtge., LLC v Cavallaro, 181 AD3d at 689; U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; Citimortgage, Inc. v Kidd, 148 AD3d at 768-769). Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith (see e.g. IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725).
In light of the foregoing, we need not reach the defendants' remaining contention.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court