Nationstar Mtge., LLC v Broome (2024 NY Slip Op 02329)

Nationstar Mtge., LLC v Broome

2024 NY Slip Op 02329

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-00386
 (Index No. 69833/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Mark Broome, et al., appellants, et al., defendants.

John J. Caraccolio, East Northport, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mark Broome and Esther Broome appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 13, 2021. The order, insofar as appealed from, denied the cross-motion of the defendant Mark Broome, inter alia, to vacate a resettled judgment of foreclosure and sale of the same court (Howard H. Heckman, Jr., J.) entered July 18, 2018, and to dismiss the complaint insofar as asserted against him.
ORDERED that the appeal is dismissed, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendants Mark Broome and Esther Broome (hereinafter together the defendants) to foreclose a mortgage on certain property located in Port Jefferson Station. Though personally served with process, Mark failed to timely appear or answer the complaint. Thereafter, Mark moved to dismiss the complaint insofar as asserted against him, and the plaintiff moved, inter alia, for leave to enter a default judgment. In an order dated April 4, 2016, the Supreme Court denied Mark's motion and granted the plaintiff's motion. On July 31, 2017, the court entered a judgment of foreclosure and sale. The plaintiff subsequently moved to resettle the judgment of foreclosure and sale. Mark opposed the motion and cross-moved, among other things, to dismiss the complaint insofar as asserted against him. In an order dated July 2, 2018, the court granted the plaintiff's motion to resettle the judgment of foreclosure and sale and denied Mark's cross-motion. The court entered a resettled judgment of foreclosure and sale on July 18, 2018, and the defendants appealed from the resettled judgment of foreclosure and sale. However, the appeal was dismissed for failure to perfect (see 22 NYCRR 1250.10[a]).
In February 2020, the plaintiff moved to extend the time to sell the property. Mark opposed the motion and cross-moved, inter alia, to vacate the resettled judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him. In an order dated December 13, 2021, the Supreme Court, among other things, denied Mark's cross-motion. The defendants appeal.
The appeal by Esther must be dismissed, as she is not aggrieved by the order appealed from (see CPLR 5511; see generally Mixon v TBV, Inc., 76 AD3d 144).
The appeal by Mark must also be dismissed. The issues raised on his appeal could have been raised on the earlier appeal from the resettled judgment of foreclosure and sale entered July 18, 2018. As a general rule, this Court does not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal that was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353). We decline to exercise our discretion in this case (see Alisa Auto Serv., Inc. v Chernetskyy, 217 AD3d 815).
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court