U.S. Bank N.A. v Hayon (2025 NY Slip Op 01005)

U.S. Bank N.A. v Hayon

2025 NY Slip Op 01005

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-02369
 (Index No. 512135/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Rafi Hayon, appellant, et al., defendants.

Michael R. Curran, Flushing, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rafi Hayon appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 22, 2022. The order granted the plaintiff's motion, in effect, to amend an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated August 13, 2019, and denied the cross-motion of the defendant Rafi Hayon to vacate the order and judgment of foreclosure and sale.
ORDERED that the order dated November 22, 2022, is affirmed, with costs.
On July 12, 2016, Nationstar Mortgage, LLC (hereinafter Nationstar), commenced this action to foreclose a mortgage against the defendant Rafi Hayon (hereinafter the defendant), among others. In a pre-answer motion to dismiss the action insofar as asserted against him, the defendant contended, among other things, that Nationstar lacked standing to commence this action. In an order and judgment of foreclosure and sale dated August 13, 2019, the Supreme Court granted Nationstar's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, directed the sale of the subject premises, and substituted the plaintiff, U.S. Bank National Association, for Nationstar.
The defendant filed a notice of appeal from the order and judgment of foreclosure and sale under Appellate Division Docket No. 2019-12299. The defendant failed to perfect that appeal and it was deemed dismissed.
In January 2020, the plaintiff moved, in effect, to amend the order and judgment of foreclosure and sale to remove the defendant Mortgage Electronic Registration Systems, Inc., as Nominee for MCS Mortgage Bankers, Inc., its Successors and Assigns, from the caption, on the ground that the mortgage held by that defendant had been satisfied. In support of its motion, the plaintiff submitted the release of that mortgage. The defendant opposed the plaintiff's motion and cross-moved to vacate the order and judgment of foreclosure and sale. In an order dated November 22, 2022, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
The defendant's contention that the referee exceeded his authority is without merit. The order of reference directed the referee to "ascertain and compute the amount due to" the plaintiff and to "examine and report whether or not the mortgaged premises should be sold in parcels," and [*2]the record before this Court demonstrates that the referee complied with these directives (see CPLR 4311; RPAPL 1321[1]).
The defendant's contention that the Supreme Court erred in granting the plaintiff's motion, in effect, to amend the order and judgment of foreclosure and sale is not properly before this Court, because it is based on matter dehors the record (see Matter of Samson R. [Christopher R.], 227 AD3d 911). To the extent that this contention is based on the assertion that Nationstar lacked standing to commence this action, that issue, which was originally raised in the defendant's pre-answer motion to dismiss, could have been raised on his earlier appeal from the order and judgment of foreclosure and sale. As a general rule, this Court does not consider any issue raised on a subsequent appeal that could have been raised on an earlier appeal that was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353). We decline to exercise our discretion in this case.
The defendant's contention regarding Judiciary Law § 470 is not properly before this Court, since it is improperly raised for the first time in his reply brief, to which the plaintiff had no opportunity to respond (see Panzo v Keyspan Corp., 176 AD3d 961, 963).
The defendant's remaining contention is without merit.
Accordingly, we affirm the order dated November 22, 2022.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court