Federal Natl. Mtge. Assn. v Buczek (2026 NY Slip Op 01889)

Federal Natl. Mtge. Assn. v Buczek

2026 NY Slip Op 01889

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, SMITH, AND DELCONTE,
JJ.

146 CA 25-00009

[*1]FEDERAL NATIONAL MORTGAGE ASSOCIATION,
PLAINTIFF-RESPONDENT,
vDEBORAH A. BUCZEK, DEFENDANT-APPELLANT, ET AL.,
DEFENDANTS. 

DEBORAH A. BUCZEK, DEFENDANT-APPELLANT PRO SE.
MCCALLA RAYMER LEIBERT PIERCE, LLP, NEW YORK CITY (HAROLD L.
KOFMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.),
dated August 22, 2024. The order denied the motion of defendant Deborah A. Buczek to
strike plaintiff's notice of entry and granted plaintiff's cross-motion to confirm the
Referee's Report and for a judgment of foreclosure and sale. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: HSBC Bank USA, NA (HSBC), the predecessor in interest of plaintiff
Federal National Mortgage Association (FNMA) commenced this action to foreclose on a
mortgage that was secured by property owned by Deborah A. Buczek (defendant).
Supreme Court issued an order in which it granted HSBC's motion seeking, inter alia,
summary judgment on the complaint, the appointment of a referee, and substitution of
FNMA as plaintiff in the case. The court subsequently issued an amended order of
reference, appointing a new referee. Defendant's appeals from those orders were
administratively dismissed due to defendant's failure to timely perfect them (see
22 NYCRR 1250.10 [a]; see
generally Porschia C. v Sodus Cent. Sch. Dist., 231 AD3d 1520, 1521 [4th Dept
2024]). Thereafter, defendant moved to strike FNMA's notice of entry of the amended
order of reference, and FNMA cross-moved for a judgment of foreclosure and sale. The
court denied the motion and granted the cross-motion, and defendant now appeals. We
dismiss the instant appeal.
"[A]n appeal that has been dismissed for failure to prosecute bars, on the merits, a
subsequent appeal as to all questions that could have been raised on the earlier appeal had
it been perfected" (Dumond v
New York Cent. Mut. Fire Ins. Co., 166 AD3d 1554, 1555 [4th Dept 2018]
[internal quotation marks omitted]; see generally Rubeo v National Grange Mut. Ins.
Co., 93 NY2d 750, 753-757 [1999]; Bray v Cox, 38 NY2d 350, 352-355
[1976]). Here, all of defendant's substantive contentions on the instant appeal could have
been raised in the prior appeals had those appeals been properly perfected. Consequently,
dismissal of the instant appeal is warranted (see Rubeo, 93 NY2d at 756-757;
Bray, 38 NY2d at 355; Dumond, 166 AD3d at 1555). We decline to
exercise our discretion to review the merits of defendant's contentions (see Faricelli v
TSS Seedman's, 94 NY2d 772, 774 [1999]; Aridas v Caserta, 41
NY2d 1059, 1061 [1977]; Chiappone v William Penn Life Ins. Co. of N.Y., 96 AD3d
1627, 1628 [4th Dept 2012]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court