Citibank, N.A. v Kerszko (2022 NY Slip Op 00032)





Citibank, N.A. v Kerszko


2022 NY Slip Op 00032


Decided on January 5, 2022


Appellate Division, Second Department


Dillon, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
CHERYL E. CHAMBERS, JJ.


2019-00175
 (Index No. 5252/09)

[*1]Citibank, N.A., etc., appellant,
v
Ryan Kerszko, respondent, et al., defendants.



APPEAL by the plaintiff, in an action to foreclose a mortgage, from an order of the Supreme Court (Kevin J. Kerrigan, J.), entered February 10, 2016, in Queens County. The order denied the plaintiff's unopposed motion, inter alia, for an order of reference and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and cancellation of the notice of pendency filed against the subject property.



Sandelands Eyet LLP, New York, NY (Kathleen Cavanaugh of counsel), for appellant.



DILLON, J.


OPINION & ORDER
This appeal raises a variety of interesting and unusual issues. We address for the first time in this Department whether the presentment to a court of a proposed ex parte order to show cause for an order of reference, which is rejected by the court for defects inherent in the papers, qualifies as a taking of proceedings for the entry of judgment pursuant to CPLR 3215(c), so as to avoid dismissal of the complaint as abandoned under that statute. It does qualify. We also address whether the basis of a court's reasoning in determining a motion, when raised by the court sua sponte, self-preserves that basis for an appeal by a party aggrieved by it. It does. We also address certain limitations upon the application of the doctrine of Bray v Cox (38 NY2d 350), as relevant to the unique circumstances of this appeal.
I. Relevant Facts
This appeal arises from a residential mortgage foreclosure action commenced in the Supreme Court on March 5, 2009. The plaintiff alleged that the defendant Ryan Kerszko defaulted on the monthly installment payment obligations set forth in the note evidencing the loan. In the complaint, the plaintiff accelerated the balance of the outstanding debt and sought to foreclose on the mortgaged premises, located in St. Albans. Kerszko failed to appear, answer, or otherwise move to dismiss the complaint. A mandatory CPLR 3408 settlement conference was conducted on May 27, 2009, but was unproductive.
On or about November 12, 2009, the plaintiff presented to the Supreme Court a proposed ex parte order of reference. The proposed order of reference was presented ex parte as a result of Kerszko's continued default in failing to answer the complaint. The affidavit submitted in support of the proposed ex parte order of reference was incomplete, as it had left blank various important dates, and on that basis, the court declined to sign it. Although the proposed ex parte order of reference is not contained in the record, the court, in the order appealed from, acknowledged that it had been presented, and explained that the incompleteness of the supporting affidavit was the reason the proposed order was not signed.
More than five years then passed. In March 2015, the plaintiff, represented by new counsel, moved for an order of reference [FN1]. In April 2015, the motion was marked off the calendar of the Supreme Court's Centralized Motion Part (hereinafter CMP) without prejudice, as the motion had been erroneously made returnable on a date when the CMP was not open [FN2]. By notice of motion dated December 1, 2015, the plaintiff moved once again, inter alia, for an order of reference [FN3]. The plaintiff anticipatorily argued that any dismissal of the complaint pursuant to CPLR 3215(c) would be unwarranted, for reasons that sought to excuse the lengthy delay in bringing the motion. That argument placed the question of a CPLR 3215(c) dismissal squarely before the court. In its moving papers, the plaintiff made no reference to its presentment of the proposed ex parte order of reference in November 2009. The December 1, 2015 motion, among other things, for an order of reference was unopposed by Kerszko, consistent with his pattern of defaults. In an order entered February 10, 2016, the court denied the plaintiff's motion and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and cancellation of the notice of pendency. In its order, the court directed dismissal of the complaint not only because it rejected the plaintiff's "good cause" argument for the lateness of its motion, but also because, in its view, the presentation to the court of the proposed ex parte order of reference in November 2009, which the court refused to sign, did not qualify as a taking of proceedings for the entry of judgment pursuant to CPLR 3215(c). The plaintiff appeals from the order entered February 10, 2016.
The plaintiff also moved in the Supreme Court to vacate the order entered February 10, 2016, arguing that the presentment of the proposed ex parte order of reference in November 2009, within one year after Kerszko's default, rendered the abandonment provision of CPLR 3215(c) inapplicable [FN4]. The court remained unpersuaded, and in an order entered January 18, 2017, denied the plaintiff's motion to vacate the February 10, 2016 order. The plaintiff appealed from the order entered January 18, 2017, but that appeal was deemed dismissed for failure to perfect.
II. The Supreme Court's CPLR 3215(c) Dismissal is Preserved and Appealable
A threshold issue that needs to be addressed, as raised by our dissenting colleagues, is whether the plaintiff's contention that the Supreme Court erred in directing dismissal of the complaint for reasons unrelated to those specifically argued in the motion papers before the court, is preserved and appealable. We conclude that the court's reasoning, that the plaintiff's presentment of an ex parte order to show cause, which the court refused to sign, did not qualify as a taking of proceedings for the entry of judgment pursuant to CPLR 3215(c), is preserved and appealable under our precedent.
The plaintiff, in its moving papers submitted in support of its December 2015 motion, [*2]inter alia, for an order of reference, argued that it had "good cause" pursuant to CPLR 3215(c) for seeking an order of reference as late as 2015. It is unclear how or why, given the nature of the arguments in the moving papers, the Supreme Court delved into the circumstances of the November 2009 proposed ex parte order of reference, and upon finding it infirm, directed dismissal of the complaint pursuant to CPLR 3215(c) based on that infirmity. Likely, the court was aware of the history of this litigation from its own file, particularly as the court described in the order appealed from the specific reason for which the proposed ex parte order of reference had been rejected in November 2009. Our dissenting colleagues suggest that while "good cause shown" arguments included in the plaintiff's moving papers are preserved and appealable, the court's related sua sponte discussion of the proposed ex parte order of reference, under the same CPLR statute, is not preserved and is therefore not appealable. That construct, which parses the arguments of counsel from any different but related reasoning employed sua sponte by the court in its dispositive order, is not a reflection of our decisional law. Our colleagues cite no specific legal authority in support of their position.
Indeed, our law holds just the opposite, as reflected by two opinions, Rosenblatt v St. George Health & Racquetball Assoc., LLC (119 AD3d 45 [opinion by Leventhal, J.]), and Tirado v Miller (75 AD3d 153 [opinion by Dillon, J.]). Tirado addressed the propriety of the Supreme Court's granting of a motion to quash a subpoena and for a protective order after the filing of a note of issue for reasons that were not argued by the parties in their papers but raised sua sponte by the court. Rosenblatt addressed the denial of a motion for summary judgment where the Supreme Court sua sponte raised issues affecting the admissibility of the deposition transcripts proffered by the movant.
We held in Tirado that since the Supreme Court's sua sponte reasoning for denying late discovery was not dispositive to the action, the court had the latitude to employ reasoning not argued by the parties, but which resolved the very branch of the motion that it was asked by the parties to decide (see Tirado v Miller, 75 AD3d at 154). Comparatively, we held in Rosenblatt that the Supreme Court's sua sponte reasoning finding deposition transcripts inadmissible for summary judgment purposes, which had not been argued by any of the parties among other summary judgment issues, was inappropriate because, unlike Tirado, the motion before the court was dispositive to the action (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 54).
Here, the Supreme Court's sua sponte reasoning, that the plaintiff's proposed ex parte order of reference did not qualify as taking proceedings for the entry of judgment pursuant to CPLR 3215(c), was the dispositive basis on which the court directed dismissal of the action—rendering the circumstances consistent with what occurred in Rosenblatt. The court employed CPLR 3215(c) reasoning, never argued by the parties, to decide a CPLR 3215(c) motion, just as in Rosenblatt, the court employed reasoning under CPLR 3212, which was never argued by the parties, to decide a CPLR 3212 summary judgment motion. Under the authority of either Rosenblatt or Tirado, the analysis and reasoning of the court, in the order appealed from, although sua sponte, self-preserved the issues for appellate review because it was pursuant to the same CPLR section within which the plaintiff's motion was based and was dispositive to the action. In both actions, the sua sponte reasoning of the court was recognized and addressed by this Court on the merits. Due to the dispositive import of the motion, Rosenblatt is controlling to this appeal. It is only where a court acts wholly outside the parameters of the CPLR basis of a noticed motion, unlike here, where a sua sponte order or ruling is not subject to appeal as of right (see CPLR 5701[a][2][v]; Sholes v Meagher, 100 NY2d 333, 335; Kwang Bok Yi v Open Karaoke Corp., 161 AD3d 971). CPLR 5701(a)(2)(v) specifically confers upon parties the right to appeal from orders arising from noticed motions that affect a substantial right. Here, the plaintiff's noticed motion directly implicated CPLR 3215 which the plaintiff actually argued in its papers, and resulted in an appealable order, as that order affected the most substantial right of all—the dismissal of its complaint (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 54).
Similarly, because the Supreme Court's dispositive sua sponte reasoning directly related to the plaintiff's CPLR 3215(c) arguments and is self-preserved and appealable under Rosenblatt, the motion the plaintiff later made to correct the court was necessarily in the nature of reargument (see id. § 2221[d]) rather than vacatur (see id. § 5015). The significance of the difference between reargument and vacatur becomes relevant later in this opinion, in the discussion of Bray v Cox.
Sholes v Meagher (100 NY2d 333), which the dissent relies upon to reach a contrary conclusion about preservation, is inapplicable. In Sholes, the Supreme Court rendered a sua sponte order that was not a product of a noticed motion, whereas here, the court's sua sponte reasoning emanated from a noticed motion and related directly to the general CPLR 3215(c) issues that were anticipatorily raised in the plaintiff's moving papers.
For these reasons, we conclude that the arguments raised on appeal by the plaintiff regarding the proposed ex parte order of reference and CPLR 3215(c) are preserved for our consideration, appealable, and should be reached on the merits. Although it is our view that the portion of the order which was made sua sponte does not require leave to appeal, since a majority of the Justices on this panel have concluded that leave is required, we are constrained to grant leave to address the merits of this appeal.
III. Taking Proceedings for the Entry of Judgment Pursuant to CPLR 3215(c)
Since the plaintiff's appellate arguments should be reached on appeal, we must address them on the merits.
This Court frequently sees issues involving CPLR 3215(c), oftentimes in the area of residential mortgage foreclosure litigation. The statute provides that if a plaintiff fails to "take proceedings" for the entry of judgment within one year after a defendant's default, the court shall not enter judgment, but shall dismiss the complaint as abandoned. The one-year statutory time frame is not one year from the commencement of the action, but one year from when the defendant's answer or responsive motion was due, which itself is measured from when service is deemed complete. The one-year deadline is computed from the date of a defendant's default, but is tolled in residential mortgage foreclosure actions during the pendency of mandatory CPLR 3408 settlement conferences (see U.S. Bank N.A. v Penate, 176 AD3d 758, 760; HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Therefore, the statutory one-year period of CPLR 3215(c) may potentially be many weeks, and perhaps months, longer than a year after default, depending on the circumstances of the action.
CPLR 3215(c) employs mandatory language, that the court "shall" dismiss a complaint as abandoned, either as a result of a motion or at the court's own initiative, where proceedings have not been taken within one year after a defendant's default or as necessarily extended by a CPLR 3408 toll. The mandatory language of the statute is subject to the exception that dismissal is not warranted where there is "sufficient cause shown" as to why the complaint should not be dismissed. In order to demonstrate "sufficient cause shown," a plaintiff is required to demonstrate that there was a reasonable excuse for the delay in taking proceedings for the entry of judgment and that there exists a potentially meritorious cause of action (see BAC Home Loans Servicing, L.P. v Kirnon, 184 AD3d 547; Federal Natl. Mtge. Assn. v Greenfeld, 183 AD3d 658; Wells Fargo Bank, NA v McKenzie, 183 AD3d 574; Flushing Bank v Sabi, 182 AD3d 582).
That all said, the dismissal provisions of CPLR 3215(c) are not implicated in any action where the plaintiff "take[s] proceedings" for the entry of judgment within one year after a defendant's default. Where proceedings are taken within the statutory one-year period, any delays occasioned in the prosecution of the action beyond that year are irrelevant to CPLR 3215(c).
In residential mortgage foreclosure actions, dates are often easily discernible in determining whether a plaintiff has taken proceedings within one year after a defendant's default. Depending upon the manner that process was served, the date of a defendant's default is computed by adding 20 or 30 days from the date that service is deemed complete (see id. § 325[a]). Adding a year to the date of default is also a simple calculation. During the operative year, the plaintiff will typically "take proceedings" by presenting a proposed order of reference by moving on notice or by order to show cause, or fail to do so. The trial court and appellate records reflect the date of any such motions which either fall within or without the relevant one-year time frame.
Here, Kerszko was served with process in or about March 2009 under CPLR 308(2), meaning that his answer became due in or about April 2009. The one-year window for the plaintiff to take proceedings closed in or about April 2010, not including any toll for the parties' mandatory CPLR 3408 settlement conference. The plaintiff presented its proposed ex parte order of reference to the Supreme Court in November 2009, months before the closure of the one-year period for taking proceedings pursuant to CPLR 3215(c).
The term "take proceedings" is unique to CPLR 3215(c), as it is not found in any other provision of the CPLR. If the state legislature had intended for the taking of proceedings to strictly require the "filing" or the "service" of a motion or order to show cause, it could have easily [*3]and cleanly written such language into the statute, but did not do so. Indeed, it would have made no sense for the legislature to define the taking of proceedings as the "service" of a motion (see CPLR 2211), as motions for leave to enter a default judgment in residential mortgage foreclosure actions pursuant to RPAPL 1321(1) may be made ex parte (see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 403). Similarly, if the state legislature had intended to restrict "taking proceedings" to formal motion practice only, it could have said so as well. To "take proceedings" is a broader and more encompassing concept than a more tightly defined "filing" or "service" of a motion for leave to enter a default judgment or other type of motion.
Indeed, this Department has a long and established line of cases defining how the term "take proceedings" under CPLR 3215(c) should be construed. Our Court has consistently held that a plaintiff has not abandoned an action if, within one year after the defendant's default, the plaintiff has manifested an intent not to abandon the case, but to take steps to seek a judgment (see U.S. Bank, N.A. v Duran, 174 AD3d 768, 770; Wells Fargo Bank, N.A v Mayen, 155 AD3d 811, 813; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 833; Wells Fargo Bank, N.A. v Lilley, 154 AD3d 795, 796; Washington Mut. Bank, FA v Milford-Jean-Gille, 153 AD3d 754, 755; State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d 1035, 1037; Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1073; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010-1011; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774; US Bank N.A. v Dorestant, 131 AD3d 467, 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813; Jones v Fuentes, 103 AD3d 853; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712; Pisciotta v Lifestyle Designs, Inc., 62 AD3d 850, 852; Icon Equip. Distribs. v Gordon Envtl. & Mech. Corp., 272 AD2d 579; Brown v Rosedale Nurseries, 259 AD2d 256, 257; Home Sav. of Am., F.A. v Gkanios, 230 AD2d 770, 770-771). It is not necessary for a plaintiff to actually obtain a judgment within one year after the default to avoid a CPLR 3215(c) dismissal, so long as proceedings were undertaken to do so during the initial year after the defendant's default (see Wells Fargo Bank, N.A. v Combs, 128 AD3d 812; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806; Jones v Fuentes, 103 AD3d 853; Nowicki v Sports World Promotions, 48 AD3d 435, 436). Proceedings are taken even if a timely motion for an order of reference is later withdrawn by the moving party (see Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097; Wells Fargo Bank, N.A. v Mayen, 155 AD3d at 812; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1011; Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d 903, 904-905; US Bank N.A. v Dorestant, 131 AD3d at 468; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839). Moreover, it does not matter if a plaintiff's motion for leave to enter a default judgment is denied (see Wells Fargo Bank, N.A. v Lilley, 154 AD3d at 796; Wells Fargo Bank, N.A. v Daskal, 142 AD3d at 1072). Consistent with the view of the First Department, it also does not matter if an order to show cause seeking leave to enter a default judgment is not signed by the court upon its presentment (see Brown v Rosedale Nurseries, 259 AD2d at 257). The dissenters' reliance on HSBC Mtge. Corp. v Hasan (186 AD3d 1495) is misplaced as there, unlike here, there was no evidence that the application for an order of reference was ever filed, presented to any judge, or reviewed on the merits. The relevant inquiry, therefore, is not the form that an application takes when presented to the court or its result. Rather, it is the intent that can be inferred from an application presented to the court seeking to have the action "proceed," inconsistent with that of an abandonment of the plaintiff's claims.
In this action, the plaintiff presented a proposed ex parte order of reference within the one-year statutory period. The fact that the Supreme Court rejected the order of reference as defective is beside the point, as the mere presentment of it established the plaintiff's intent to proceed toward the entry of judgment and not to abandon the action (see Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619 [party took proceedings where a timely motion was denied for technical defects]). What matters is the intent manifested by the presentment of an application, not what specific form it took or how it was filed. That being the case, the court should not have sua sponte directed dismissal of the complaint pursuant to CPLR 3215(c). That statute has no application under the facts and circumstances of this case, as the plaintiff presented an ex parte proposed order of reference within one year after Kerszko's default.
IV. The Preclusionary Doctrine of Bray v Cox is Not Before Us on Appeal and, In Any Event, is Inapplicable
The doctrine of Bray v Cox (38 NY2d 350) holds that if a party's appeal is dismissed for failure to perfect, any issue which was raised or could have been raised on that appeal generally may not be subsequently raised on an appeal of a later order or judgment (see CPLR 5501[a][1]; Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 753; Bray v Cox, 38 NY2d at 353; Schneider [*4]v Schneider, 16 AD3d 573, 574; Matter of Pirrone v Town of Wallkill, 6 AD3d 447, 449; Koehler v Town of Smithtown, 305 AD2d 550, 551; Chemical Bank v Zisholtz, 227 AD2d 580). Typically, the procedural posture for an application of the Bray v Cox doctrine involves a party losing on a motion, abandoning an appeal from the order determining the motion, and unsuccessfully moving for leave to reargue with respect to the motion or to vacate the order determining the motion, or losing at trial. Then, on an appeal from a later order or judgment, the party tries to raise an issue which could have been raised on the prior appeal (e.g. Almonte v Western Beef, Inc., 21 AD3d 516, 516-517). Here, while not dispositive, the sequence of events are reversed as this Court dismissed an appeal from the later January 18, 2017 order for failure to perfect, rather than the earlier February 10, 2016 order now on appeal.
The record on appeal makes no mention that after the Supreme Court directed dismissal of the complaint in the order appealed from, which was entered February 10, 2016, the plaintiff made what it styled as a motion to "vacate" that order. The court's denial of that motion in the order entered January 18, 2017, is not before us on appeal. Although a notice of appeal was filed as to the order entered January 18, 2017, the appeal was deemed dismissed for failure to perfect. None of those additional facts are part of our appellate record. Such are the vicissitudes of an appeal where the defending party is in default from the inception of the litigation and not involved in shaping the record. While these facts are outside of the record, they are mentioned here, reluctantly, only because they are raised by our dissenting colleagues. Nevertheless, in our view, the instant appeal is not barred by application of the Bray v Cox doctrine.
Since the dismissal of the appeal from the order entered January 18, 2017, is dehors the record, it may only be considered if our Court were to, in effect, take judicial notice of it. As a general rule, the factual review power of the Appellate Division is confined to the content of the record compiled before the court of original instance and does not include matter dehors the record (see CPLR 5526; Flagstar Bank, FSB v Titus, 120 AD3d 469, 470; Brandes Meat Corp. v Cromer, 146 AD2d 666, 667). CPLR 4511 identifies circumstances where judicial notice may be taken sua sponte and other circumstances where it may not be taken absent notice to the parties and an opportunity to be heard.
Any dismissal of the plaintiff's appeal from the January 18, 2017 order is reflected by a court-generated document. This Court has already held that "a court should not take judicial notice of any court-generated document without affording the parties an opportunity to be heard on whether notice should be taken, and, if so, the significance of its content" (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 127 [emphasis added]). We are a stare decisis court. The obvious reason for Caffrey's perspicacious caution in taking judicial notice is the basic notion of due process that is owed to parties. Caffrey's caution is particularly important when a matter is on appeal where the decisions of our Court are almost always conclusive, whereas the mechanisms of the trial courts provide a better opportunity for issues to be raised and debated prior to the rendering of trial-level determinations. Here, the dissent misapplies Caffrey because the framed issue is not whether the prior dismissal order of this Court is of the type that may be judicially noticed, but is whether it may be judicially noticed without giving the parties an opportunity to be heard on it, as had occurred in Caffrey but which notice is absent here.
To reiterate, the applicability or inapplicability of the Bray v Cox doctrine is not before this Court on this appeal. This Department generally does not address issues that are not raised by parties in their appeals (see Misicki v Cardonna, 12 NY3d 511, 519; Levin v State of New York, 32 AD3d 501, 503; Tammaro v County of Suffolk, 224 AD2d 406, 407). The order entered January 18, 2017, and the dismissal of any appeal that arose from it, is not part of our record. No motion has been made by any party to dismiss the instant appeal on Bray v Cox grounds. No party has requested that Bray v Cox be among our legal considerations. Kerszko, in continuing default, makes no such arguments, as he did not file a brief on this appeal. Respectfully, our dissenting colleagues violate the precedential guidance of Caffrey on its expressed issue of requiring an opportunity to be heard. By so doing, they deprive the plaintiff of due process on whether judicial notice should be taken of the dismissal of the related appeal, and more importantly, whether the dismissal of that appeal even qualifies as an impediment under Bray v Cox. While the dissent cites cases for general non-controversial Bray v Cox propositions such as Xi Fang Temple v Hopetel, LLC (62 AD3d 865) and Harry's Nurses Registry, Inc. v Jen Kuo Chen (57 AD3d 733), they cite to no decisional authority that we may take judicial notice of an order outside of the record without the parties having had an opportunity to be heard on our doing so. Caffrey says we must not. Our Court [*5]should avoid rendering dispositive legal conclusions in appeals regarding issues not raised by any party, based on matter dehors the record, where parties have no opportunity to be heard on our doing so, and in contravention of our precedent as expressly explained in Caffrey.
Even if judicial notice were to be taken of the dismissal of the appeal from the order entered January 18, 2017, the current appeal is not subject to dismissal under Bray v Cox. After the Supreme Court rendered the order entered February 10, 2016, directing dismissal of the complaint, the plaintiff made a motion which, while denominated as seeking to vacate the February 10, 2016 order, was actually a motion seeking leave to reargue its unopposed motion, inter alia, for an order of reference. The denial of a motion for leave to reargue is not appealable.
More specifically, the order that is not on appeal, entered January 18, 2017, is attached to the plaintiff's own Request for Appellate Division Intervention form. The order describes the motion that it resolved. It summarized the plaintiff's argument, "that plaintiff did not abandon the action, and CPLR 3215(c) is inapplicable, because the plaintiff initiated the preliminary step in taking proceedings for the entry of a default judgment within one year of the default by submitting a proposed ex parte order of reference in 2009." The Supreme Court denied the plaintiff's motion, stating that "[t]his [c]ourt refers counsel to its [February 10, 2016] order in this regard." Based on the court's description of the moving papers, it is clear that the plaintiff's argument, for all intents and purposes, was that the court had earlier misapprehended the relevant facts and misapplied controlling principles of law in directing dismissal of the action pursuant to CPLR 3215(c)—an argument that is quintessentially in the nature of a CPLR 2221(d) motion for leave to reargue. The court's terse referral of the plaintiff to the reasoning contained in its earlier order is an unquestionable denial of leave to reargue.
It does not matter how a motion is titled by an attorney. What matters is what the motion actually is in substance (see Istomin v Istomin, 130 AD3d 575; Estate of Malik v New York City Hous. Auth., 287 AD2d 435; Onorato v Sangiovanni, 233 AD2d 427; Nye v Dawes, 20 AD2d 680). There are instances when attorneys inaccurately denominate a motion as one to vacate when in reality it is for leave to reargue (e.g. Matter of Pasanella v Quinn, 167 AD3d 554, 555; Basile v Wiggs, 117 AD3d 766), sometimes to circumvent the 30-day time limit that is imposed on motions for leave to reargue measured from the service of the order with notice of entry (see CPLR 2221[d][3]). Since our colleagues in the dissent rely on matter outside the record to develop their Bray v Cox argument, we do not know whether the motion, which was made several months after the order appealed from, was styled as a motion to vacate to avoid its untimeliness if presented as a motion for leave to reargue. Indeed, the record is silent as to the date on which the order appealed from was served with notice of entry. This Court is not even in possession of a copy of the moving papers that the January 18, 2017 order addressed.
The distinction between a motion to vacate and a motion for leave to reargue is not esoteric, but important, because orders denying motions for leave to reargue are not appealable (see Alvarez v Jawaid, 163 AD3d 746, 748; Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140; Cordero v Mirecle Cab Corp., 51 AD3d 707, 708). Logically, no Bray v Cox issue can arise from the dismissal of an appeal where, as appears to be the case here, the related order was not itself appealable in the first instance. The purpose of Bray v Cox—that the dismissal of a prior appeal for lack of prosecution bars a subsequent appeal for issues that were, or could have been, raised in the prior appeal—has no applicability here. The plaintiff could not have obtained in the prior appeal any appellate review of the Supreme Court's determination directing dismissal of the complaint because the order denying a motion for leave to reargue, from which that particular appeal arose, is not appealable.
The nature of the plaintiff's motion as one for leave to reargue is highly significant in determining whether the later appellate dismissal is within, or without, the scope of Bray v Cox. This is all the more reason that it is inappropriate for our Court to take judicial notice of the dismissal of the prior appeal, where the plaintiff is deprived of its due process right to even be heard on the question of whether we should.
V. Conclusion
The order is reversed, on the law, without costs or disbursements, and the plaintiff's motion, inter alia, for an order of reference is granted. Although, as previously discussed, it is our view that the portion of the order which was made sua sponte does not require leave to appeal, since a majority of the Justices on this panel have concluded that leave is required, we are constrained to grant leave to address the merits of this appeal.
AUSTIN, J., concurs.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and cancellation of the notice of pendency is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and is it further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion, inter alia, for an order of reference is granted.
CHAMBERS, J., concurs in the result, and votes to deem the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and cancellation of the notice of pendency as an application for leave to appeal from that portion of the order, and to grant leave, and to reverse the order, on the law, and grant the plaintiff's motion, inter alia, for an order of reference, with the following memorandum:
On the merits of this appeal, I fully concur with the reasoning set forth in Part III of the opinion of my colleague, Justice Dillon.
In my view, however, the portion of the order on appeal which, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c) and cancellation of the notice of pendency, is not appealable as of right and would require leave to appeal. Therefore, I would grant leave to appeal from that portion of the order (see CPLR 5701[c]).
Also, under the unusual circumstances of this case, and contrary to the views expressed by my dissenting colleagues, I would exercise this Court's inherent discretion to consider the merits of the appeal, rather than dismissing it under Bray v Cox (38 NY2d 350).
BARROS, J., dissents, and votes to dismiss the appeal with the following memorandum, in which DUFFY, J., concurs:
I. Introduction
The plaintiff's appeal should be dismissed under Sholes v Meagher (100 NY2d 333) and Bray v Cox (38 NY2d 350, 353). Moreover, the plaintiff's contention that it took proceedings for the entry of judgment within one year after the defendant's default, which would preclude a dismissal under CPLR 3215(c), was never raised by the plaintiff in the Supreme Court, and is, therefore, unpreserved for appellate review. Even assuming, arguendo, that the merits of the plaintiff's contention may be reached under a new preservation exception created in Justice Dillon's opinion which contravenes the Court of Appeals' determinations in Sholes v Meagher (100 NY2d 333) and Misicki v Caradonna (12 NY3d 511), the plaintiff failed to show that it moved for an order of reference within one year after the defendant's default [FN5]. Finally, as will be shown, the majority's expansive construction of the phrase "take proceedings" in CPLR 3215(c) violates the canons of statutory construction, is unworkable, and sets the stage for arbitrary and inconsistent determinations.
II. Facts and Procedural History
In March 2009, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Ryan Kerszko (hereinafter the defendant). The defendant did not answer or appear in the action. Six years later, by notice of motion dated December 1, 2015, the plaintiff, through new counsel, moved, inter alia, for an order of reference (hereinafter the plaintiff's 2015 motion). In his affirmation in support of the 2015 motion, the plaintiff's new counsel argued, among other things, that the Supreme Court should not issue an order pursuant to CPLR 3215(c) directing dismissal of the complaint as abandoned. Although the plaintiff's new counsel could not "attest to the time period prior to June 5, 2014, because the file was with prior counsel," counsel [*6]argued that the plaintiff had sufficient cause for its failure to timely move for an order of reference.
In the order appealed from, entered February 10, 2016 (hereinafter the February 2016 order), the Supreme Court denied the plaintiff's 2015 motion and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The court determined that "[c]ounsel has failed to demonstrate sufficient cause for plaintiff's delay of almost six years in moving for an order of reference . . . No reasons, reasonable or otherwise, have been proffered to explain plaintiff's delay." Critically, the court also pointed out that the plaintiff "does not contend that a timely application for an order of reference was made within one year of defendant's default."
Even though not raised by the plaintiff, the Supreme Court noted that, in November 2009, the plaintiff had submitted to its chambers a proposed ex parte order of reference which the court did not sign because "the affidavit in support of the motion was incomplete in that it left blank various important dates." Further, the court stated that the "ex parte submission of a proposed order of reference to chambers, without a motion having been made, was improper." The order further indicated that the plaintiff undertook nothing further in the action for almost six years. Thus, the court denied the plaintiff's 2015 motion, and, pursuant to CPLR 3215(c), sua sponte directed dismissal of the complaint.
Thereafter, the plaintiff moved to vacate the February 2016 order (see id. § 2221[a]). In an order entered January 18, 2017 (hereinafter the January 2017 order), the court denied the plaintiff's motion to vacate. The plaintiff then appealed from the January 2017 order.
This Court thereafter granted the plaintiff two extensions of time to perfect its appeal from the January 2017 order. However, the plaintiff failed to perfect and thereafter the appeal was deemed dismissed (see 22 NYCRR 1250.10[a]). Later, the plaintiff instituted this appeal from the earlier February 2016 order, and perfected that appeal. Only the appeal from the February 2016 order is the appropriate subject of this determination. Nonetheless, as set forth herein, we address issues raised by Justice Dillon's opinion that are not the proper subject of this appeal.
III. The Appeal Should be Dismissed in Accordance with Sholes v Meagher (100 NY2d 333)
Specifically, here, the plaintiff appeals from the portion of the February 2016 order which, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c). Since no party moved to dismiss the complaint pursuant to CPLR 3215(c), the Supreme Court's determination to dismiss the complaint, which the court is statutorily mandated to do under appropriate circumstances (see CPLR 3215[c] ["the court shall . . . dismiss the complaint as abandoned . . . upon its own initiative"]; Giglio v NTIMP, Inc., 86 AD3d 301, 307), constitutes a sua sponte dismissal. No appeal lies as of right from a part of an order which does not decide a motion made on notice (see CPLR 5701[a][2]), including a part of an order issued sua sponte (see Sholes v Meagher, 100 NY2d at 335).
To obtain appellate review of an order or portion of an order issued sua sponte, a party may move "to vacate the order [or portion of an order] and appeal[ ] as of right to the Appellate Division if that motion [is] denied" (id. at 334; see CPLR 5701[a][3]; 2221[a]; see also U.S. Bank N.A. v Thompson, 189 AD3d 1643; Tangalin v MTA Long Is. Bus, 92 AD3d 766, 767 ["since that order was not appealable as of right because it did not decide a motion made on notice, it was procedurally proper for the appellant to move pursuant to CPLR 2221(a) to vacate the disputed portion of the order"]). "This procedure ensures the appeal will be made upon a suitable record after counsel have had an opportunity to be heard" (Sholes v Meagher, 100 NY2d at 335).
Alternatively, to obtain appellate review of an order or portion of an order issued sua sponte, a party may move for leave to appeal in accordance with CPLR 5701(c). Moreover, even where a party fails to move for leave to appeal, this Court may, sua sponte, in its discretion, deem the party's notice of appeal as a request for leave to appeal, and then grant leave to appeal (see Bank of Am., N.A. v Lucido, 163 AD3d 614, 614; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 811; Citimortgage, Inc. v Espinal, 136 AD3d 857, 857; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 838). However, the procedure set forth in Sholes v Meagher (100 NY2d 333) enables the development of a record and contentions so as to produce an order that will likely be more "suitable" for this Court's appellate review (see id. at 336).
Here, the plaintiff initially followed the procedure set forth in Sholes v Meagher (100 NY2d 333). After the Supreme Court issued its February 2016 order which, among other things, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c), the plaintiff then moved to vacate the sua sponte portion of the order (see Sholes v Meagher, 100 NY2d at 334). In its January 2017 order, the court denied the plaintiff's motion to vacate, and the plaintiff then appealed from that order.
Justice Dillon's opinion maintains that, despite the plaintiff's denomination of its motion as one to vacate and the Supreme Court's consideration of it as a motion to vacate, this Court should deem the plaintiff's motion to be one for leave to reargue. Since a motion to vacate pursuant to CPLR 2221(a) is the appropriate motion to challenge a portion of an order that is issued sua sponte, it is erroneous for the majority to deem the plaintiff's motion to be anything other than that described by the plaintiff and the Supreme Court. Indeed, as this case demonstrates, Justice Dillon's sua sponte determination to deem the plaintiff's motion to vacate to be a motion for leave to reargue circumvents the procedure set forth in Sholes for obtaining as-of-right appellate review of sua sponte determinations, since the denial of a reargument motion is not appealable.
Since the January 2017 order denying the plaintiff's motion to vacate the February 2016 order was appealable as of right, the plaintiff abandoned its opportunity to present a more complete record to this Court for appellate review on the issue whether the Supreme Court properly directed dismissal of the complaint pursuant to CPLR 3215(c). Indeed, notwithstanding two extensions of time granted by this Court, the plaintiff failed to perfect that appeal. Since the plaintiff did not appeal the issue reached by the majority, and only pursued its appeal from the sua sponte portion of the February 2016 order, this Court now has a less-than-sufficient record from which to determine this appeal. Indeed, the plaintiff's contention on the merits depends upon this Court's consideration of an unproduced document, i.e., either a purported motion or a proposed ex parte order of reference that the Supreme Court referred to as having been improperly submitted to its chambers in November 2009. That document, whatever it was, is not part of this record, and is only mentioned in the February 2016 order as accompanied by an affidavit—also absent from this record—which the court described as "incomplete" as it "left blank various important dates."
As such, given this appellate history and the record before us, the appropriate course is to decline to grant leave to appeal from the sua sponte portion of the February 2016 order, which is appealable only by permission (see generally Sholes v Meagher, 100 NY2d 333; Duberry v CNM Analytics, Inc., 180 AD3d 648, 651).
Justice Dillon's conclusion that the sua sponte portion of the February 2016 order was appealable as of right goes against binding precedent from the Court of Appeals (see Sholes v Meagher, 100 NY2d 333), and numerous cases from this Department holding that the sua sponte dismissal of a complaint under CPLR 3215(c) requires leave to appeal (see 1200 Bedford Ave., LLC v Grace Baptist Church, 199 AD3d 971; BAC Home Loans Servicing, L.P. v Mazza, 190 AD3d 908, 908; Bazile v Saleh, 190 AD3d 811; Bank of Am., N.A. v Lucido, 163 AD3d at 614; Ibrahim v Nablus Sweets Corp., 161 AD3d 961; Wells Fargo Bank, N.A. v Mayen, 155 AD3d at 811; Citimortgage, Inc. v Espinal, 136 AD3d at 857; HSBC Bank USA, N.A. v Alexander, 124 AD3d at 838; Menardy v Gladstone Props., Inc., 100 AD3d 840, 841-842; Bank of Am., N.A. v Bah, 95 AD3d 1150, 1151; Adams v Fellingham, 52 AD3d 443, 444; NC Venture I, L.P. v Complete Analysis, Inc., 22 AD3d 544, 544).
The majority's reliance on Rosenblatt v St. George & Racquetball Assoc., LLC (119 AD3d 45) and Tirado v Miller (75 AD3d 153) for the proposition that the sua sponte portion of the February 2016 order was appealable as of right is wholly misplaced. In Rosenblatt, the defendant appealed from an order denying its motion for summary judgment on a ground not specifically argued by the defendant. Since the order denied the relief requested in the motion, the order was appealable as of right (see CPLR 5701), regardless of whether the Supreme Court in its order relied upon an argument not raised by the defendant. Similarly, in Tirado, this Court was careful to note that "the . . . court did not grant any unrequested relief, but rather, granted the specific relief sought by the defendants" (Tirado v Miller, 75 AD3d 153, 157 [emphasis added]). Thus, as in Rosenblatt, the order in Tirado was appealable as of right.
In contrast, here, the relief sought in the plaintiff's December 2015 motion was an order of reference (see RPAPL 1321); however, the Supreme Court, upon its own initiative, directed dismissal of the complaint pursuant to CPLR 3215(c). Although the attorney affirmation submitted in support of the plaintiff's December 2015 motion included an argument that the plaintiff had sufficient cause for failing to move for an order of reference within one year after the defendant's default (see id.), such an argument does not alter the fact that the court, without request by any party, sua sponte directed dismissal of the complaint pursuant to CPLR 3215(c). Thus, Justice Dillon's opinion erroneously conflates the plaintiff's arguments with the relief requested in its notice of motion.
Justice Dillon's position that the Supreme Court's dismissal of the complaint arose [*7]from a noticed CPLR 3215 motion is misleading. The plain words of CPLR 3215(c) recognize that a court may dismiss the complaint on its "own initiative" or upon motion. There is no question that the dismissal here was on the court's own initiative, not upon motion, and, thus, constitutes a sua sponte dismissal. Moreover, the plaintiff recognized this and then followed the Sholes procedure in moving to vacate the sua sponte dismissal, but thereafter abandoned its appeal from the order denying that motion.
Thus, the sua sponte portion of the February 2016 order was appealable only by permission. The plaintiff, here, made no request for leave to appeal. More importantly, given the procedural posture and the inadequacy of the appellate record, it is inappropriate for this Court to exercise its discretion to deem the notice of appeal as a request for leave to appeal and to grant such leave.
IV. The Appeal Should be Dismissed in Accordance with Bray v Cox (38 NY2d 350)
"As a general rule, [we do] not consider an issue on a subsequent appeal which was raised or could have been raised [on] an earlier appeal [that] was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so" (US Bank N.A. v Conroy, 160 AD3d 785, 786; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d at 353).
The plaintiff's prior appeal from the January 2017 order, which was deemed dismissed by this Court for failure to perfect (see 22 NYCRR 1250.10), involved the same issue as this appeal, which is whether the Supreme Court properly, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c). As such, this appeal is subject to dismissal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350).
Although this Court has discretion to consider issues on a current appeal which a party could have, but failed to, raise on a prior dismissed appeal, exercise of such discretion is not warranted in this case. After filing its notice of appeal from the January 2017 order, the plaintiff sought two successive extensions of time to perfect. Both requests were granted by this Court. However, the plaintiff failed to meet the deadlines set by the Court, thus allowing the first appeal to "die on the vine" (Rubeo v National Grange Mut. Ins. Co., 93 NY2d at 755). This "sort of laxity and disrespect toward court procedures should not be condoned" (id.).
In addition to disregarding the appellate court rules, the plaintiff has shown extreme neglect in prosecuting the underlying mortgage foreclosure action. In the attorney's affirmation submitted in support of the plaintiff's December 2015 motion, the plaintiff's counsel admitted that he could not even attest to anything that the plaintiff had done to prosecute the foreclosure action within the first five years of its commencement. The plaintiff's failure to timely perfect its first appeal, and its delay in bringing this appeal further evinces this neglect. This appeal from the February 2016 order was not perfected until July 2019—nearly 3½ years after the issuance of the order. As of this date, this case has been pending for more than 12 years based upon an allegation that the defendant defaulted in payment 14 years ago.
This Court's dismissal of the plaintiff's prior appeal constitutes an adjudication on the merits with respect to all issues regarding the Supreme Court's sua sponte dismissal of the complaint pursuant to CPLR 3215(c) (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d at 756; Xi Fang Temple v Hopetel, LLC, 62 AD3d 865), and there is simply no basis to exercise our discretion to review the same issue on this appeal, particularly when the plaintiff's argument to the Supreme Court was merely that it had sufficient cause for not moving for an order of reference within one year after the defendant's default.
The assertion in Justice Dillon's opinion that this Court may not take judicial notice of the appellate history of the plaintiff's prior unperfected appeal in dismissing this appeal under Bray v Cox (38 NY2d 350) is mystifying. As part of the appellate process, the plaintiff itself alerted us in its Request for Appellate Division Intervention (hereinafter RADI) of the existence of the prior unperfected appeal. Using information from the RADI, this Court regularly takes judicial notice of the appellate history of cases before it, and, when warranted, dismisses unopposed appeals such as this one under Bray v Cox (see e.g. Bank of N.Y. Mellon v Davis, 193 AD3d 803; Xi Fang Temple v Hopetel, LLC, 62 AD3d 865; Harry's Nurses Registry, Inc. v Jen Kuo Chen, 57 AD3d 733). Furthermore, there is no violation of due process since the plaintiff was aware that it failed to perfect its own prior appeal after having been granted two extensions, and is deemed to know of the dismissal of its prior appeal.
It is well established that a court may take notice of its own prior proceedings and orders (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126 ["(C)ourts [*8]may take judicial notice of a record in the same court of either the pending matter or of some other action"]; Shirley v Shirley, 101 AD3d 1391, 1394 ["It is well settled that a court may take judicial notice of its own prior proceedings and orders"]; People v Byrd, 57 AD3d 442, 443 ["(C)ourts may take judicial notice of their own prior proceedings and records . . . even sua sponte after trial"]; Musick v 330 Wythe Ave. Assoc., LLC, 41 AD3d 675, 676; Matter of A.R., 309 AD2d 1153, 1153; Matter of Terrance L., 276 AD2d 699, 700).
In maintaining that this Court may not take notice of the appellate history of the case before it and sua sponte dismiss an unopposed appeal under Bray v Cox, Justice Dillon's opinion relies upon Caffrey v North Arrow Abstract & Settlement Servs., Inc. (160 AD3d at 127), a case that does not even involve application of Bray v Cox, or involve an appellate court taking judicial notice of the appellate proceedings before it in order to apply its own rules of practice and manage its own calendar. Rather, Caffrey is an oddball case involving whether a court, sitting as fact-finder, properly took judicial notice of a certain document in reaching a determination after a bench trial.
Justice Dillon's reasoning would create a new and unprecedented exception to this Court's Bray v Cox jurisprudence. A natural consequence of its decision would, in effect, exempt appellants, whose appeals are unopposed, from our deadlines and the appellate court rules [FN6]. The rule set forth in Bray v Cox and Rubeo v National Grange Mutual Ins. Co. must apply to every appellant, even where the respondent is in default or does not submit a brief (see Bank of N.Y. Mellon v Davis, 193 AD3d 803; Xi Fang Temple v Hopetel, LLC, 62 AD3d 865; Harry's Nurses Registry, Inc. v Jen Kuo Chen, 57 AD3d 733), tempered only by the judicious exercise of our discretion. This Court "must have the wherewithal to control its calendar" (Bray v Cox, 38 NY2d at 355). "An appeal left un[at]tended may be dismissed as abandoned, and appellant may be precluded from later appealing the same issue" (Rubeo v National Grange Mut. Ins. Co., 93 NY2d at 757). That is our precedent and this case presents no reason to change it.
V. The Plaintiff Failed to Preserve its Contention that it "Took Proceedings" Within One Year After the Defendant's Default.
Although the doctrine of preservation generally precludes appellate review of matters raised by the parties for the first time on appeal (see McNamee Constr. Corp. v City of New Rochelle, 29 AD3d 544, 546; Xand Corp. v Reliable Sys. Alternatives Corp., 25 AD3d 795), a rare exception exists when an issue raised for the first time on appeal is a pure issue of law which could not have been avoided had it been raised below (see Misicki v Caradonna, 12 NY3d at 520; NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044-1045; Matter of Penetta v Carroll, 62 AD3d 1010; KPSD Mineola, Inc. v Jahn, 57 AD3d 853, 854; Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475, 476).
Here, in the Supreme Court, the plaintiff argued only that it had sufficient cause for not moving for an order of reference within a year after the defendant's default (see CPLR 3215[c]). Only now on this appeal does the plaintiff abandon its "sufficient cause" argument and, instead, argue that it, in fact, took proceedings for the entry of judgment by having submitted to the court a proposed ex parte order of reference within one year after the defendant's default.
By arguing in the Supreme Court that it had sufficient cause for not taking proceedings within one year after the defendant's default, the plaintiff conceded the argument that it now seeks to raise on appeal. Thus, the plaintiff's argument is not only unpreserved for appellate review, but was affirmatively waived (see Misicki v Caradonna, 12 NY3d at 519). The general rule is that courts may only decide appeals on rationales advanced by the parties in the court of first instance (see id.).
As to the exception to the preservation rule, the issue regarding whether the plaintiff [*9]"took proceedings" within the requisite one-year period is a fact question, and, therefore, does not meet the exception (see id.).
We disagree with Justice Dillon's formulation of a new exception to the preservation rule—the "sua sponte self-preservation" exception—and we further dispute Justice Dillon's statement that this Court has previously recognized such an exception [FN7]. In Sholes, the Court of Appeals explained how an appellant may preserve and obtain as-of-right appellate review of any sua sponte determination, and, as such, there is no need to craft a new exception to the preservation rule to address sua sponte determinations. Indeed, Justice Dillon's construction of this new exception to the requirement of preservation violates Sholes because it allows appellants to obtain as-of-right appellate review of orders issued sua sponte irrespective of the deficiencies in the appellate record and without regard to the procedure set forth in Sholes.
The preservation rule is straightforward: An appellant must have raised the issue in the court of first instance in order to preserve the issue for appellate review. "[T]he requirement of preservation is not simply a meaningless technical barrier to review" (Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 829; Bingham v New York City Tr. Auth., 99 NY2d 355, 359). Nor are rules of preservation "only concerned with fairness to [the] litigants, important as that goal is" (Lichtman v Grossbard, 73 NY2d 792, 795). They are "'at the core of the distinction between the Legislature, which may spontaneously change the law whenever it perceives a public need, and the courts which can only announce the law when necessary to resolve a particular dispute between identified parties'" (Bingham v New York City Tr. Auth., 99 NY2d at 359, quoting Lichtman v Grossbard, 73 NY2d at 795).
"In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present" (Greenlaw v United States, 554 US 237, 243; see Misicki v Caradonna, 12 NY3d at 519 ["Our system depends in large part on adversary presentation"]; Matter of Lewis, 114 AD3d 203, 207, mod 25 NY3d 456 ["appellate courts cannot and will not review an issue that has never been raised by the parties themselves"]).
Considering that the preservation rule distinguishes the judiciary from the legislature, an issue is not deemed preserved for appellate review by having been raised only by a court. Thus, Justice Dillon's claim that a court may, on its own, self-preserve issues for appellate review defies the core purpose of the preservation rule. In other words, the fact that a court of first instance may have improperly raised and resolved an issue on its own does not mean that such issue has been preserved for appellate review.
Here, the fact that the Supreme Court raised and resolved the "take proceedings" issue on its own does not mean such issue is preserved for appellate review. To preserve the argument that the plaintiff took proceedings within one year after the defendant's default, the plaintiff was required to make the argument itself in the court of first instance. Notably, the unpreserved issue improperly raised by the plaintiff on this appeal could have properly been before this Court had the plaintiff bothered to perfect its prior appeal from the order denying its motion to vacate the order now appealed from.
VI. The Phrase "Take Proceedings" Used in CPLR 3215(c) Refers to the Various Procedures for Obtaining a Default Judgment
Even assuming, arguendo, that it were appropriate to reach the merits of this appeal under a new preservation exception or otherwise, the order appealed from should be affirmed. Initially, we note that the majority's central holding on the merits is that a motion, by order to show cause, presented to a court qualifies as "taking proceedings" within the meaning of CPLR 3215. The majority's holding is already a well-established precedent, and needs no further elaboration. Our objections to the majority opinion are that (1) there is not sufficient evidence in this record that the plaintiff in fact moved, by order to show cause, for an order of reference within the requisite year and [*10](2) the majority, by its dicta, unnecessarily uses this unopposed appeal to redefine and broaden what it means to "take proceedings" so as to undermine the legislative purpose of CPLR 3215.
The term "take proceedings" used in subsection (c) of CPLR 3215 refers to the various legal proceedings for obtaining a default judgment set forth in CPLR 3215. That phrase is not, as our colleagues now posit, a broad and encompassing concept that includes anything undertaken by the plaintiff that a court may later construe to have manifested an intent to not abandon the action. That approach is divorced from the language and context of the statute, violates the directives of the Court of Appeals in Freedom Mtge. Corp. v Engel (37 NY3d 1, 20), and sets the stage for inconsistent and arbitrary outcomes.
"[T]he starting point in any case of [statutory] interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595). "It is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other" (People v Mobil Oil Corp., 48 NY2d 192, 199; see Colon v Martin, 35 NY3d 75, 78; Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524).
CPLR 3215 is entitled "Default judgment" and contains nine subsections, (a) through (i). Subsections (a), (b), (d), (e), (f), (g), (h), and (i) all describe various proceedings for obtaining a default judgment by making application to either a clerk or the court depending on factors, including the type of claim asserted by the plaintiff, the nature of the default, and the number of defendants. For example, in subsection (a), entitled "Default and entry," the statute describes the procedure for obtaining a default judgment when the plaintiff's claim is for a sum certain, i.e., making an application to the clerk. In subsection (b), the statute describes the procedure for obtaining a default judgment from a court when the plaintiff's claim is not for a sum certain. Subsection (d) describes the procedure for obtaining a default judgment where there are multiple defendants in the action. Subsection (e) describes the place of application to the court. Subsection (f) describes what proof needs to be submitted in support of an application for a default judgment depending on the identity of the plaintiff, the manner of service, or whether jurisdiction is based upon an attachment of property. Subsection (g), entitled "notice," contains four subsections describing whether and to what extent the plaintiff must give notice to the defendant in making an application for a default judgment.
CPLR 3215(c), which follows sections (a) and (b), provides, "[i]f . . . plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (emphasis added). Thus, in the context of CPLR 3215, the phrase "take proceedings" in subsection (c) broadly refers to any of the various specific proceedings described in the statute.
In a mortgage foreclosure action, a plaintiff satisfies the requirements of CPLR 3215(c) when, within one year after a defendant's default, the plaintiff takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for leave to enter a default judgment and for an order of reference pursuant to CPLR 3215(b) and RPAPL 1321 (see HSBC Bank USA, N.A. v Clayton, 146 AD3d 942; U.S. Bank N.A. v Wolnerman, 135 AD3d 850). Indeed, as one of our colleagues in the majority has himself advised, "[t]he statute does not require that the plaintiff actually obtain a default judgment within one year of the defendant's default. Rather, the default motion need only be filed within the one year period" (Mark C. Dillon, 2019 Supp Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3215:12). No such evidence of a filing exists here.
Notably, this case is remarkably similar to HSBC Mtge. Corp. v Hasan (186 AD3d 1495, 1497), in which this Court reversed an order denying a defendant's motion pursuant to CPLR 3215(c) to dismiss a complaint as abandoned. There, the plaintiff, in support of its position that it took proceedings for the entry of judgment within one year after the defendant's default, pointed to two pages in the record. "The first of those two pages [was] a 'CamScanner' copy of the face sheet of a proposed order of reference reflecting the caption of the action, a blank line over the words '(ORD OF REF) FEE PAID,' and a pagination of 'Page 1 of 2'" (HSBC Mtge. Corp. v Hasan, 186 AD3d at 1497). In that decision, this Court, presided over by one of our colleagues in the majority, found that the plaintiff failed to meet its burden of proving that it undertook proceedings within one year after the defendant's default since the record lacked a complete copy of the purported order of [*11]reference beyond its face page (see id. at 1497-1498). This Court noted that the plaintiff's purported order of reference bore not only no notation of having ever been filed with the county clerk, or a fee being paid, it also failed to demonstrate that it was presented on any particular date, or assigned to a judge, or ever decided by a court. Thus, this Court found that the document failed to adequately establish that plaintiff ever actually took proceedings within one year after the default (see id.). The record in that case—a page devoid of markings that it was ever filed or presented to any Justice of the Supreme Court with no name written next to "Hon." above the caption, and no presentment date set forth in the blank spaces at the upper right-hand corner of the document where the date and month of presentments are typically identified—is more than what exists in the record here (see id. at 1497).
Applying our precedent, the plaintiff failed to demonstrate that it "took proceedings," i.e., moved for an order of reference in November 2009. There is no order to show cause, motion, application, or even a notation in any official court record to indicate that any type of application was made. Rather, the plaintiff, for the first time on appeal, relies solely upon certain factual representations contained in the order appealed from.
Taking those factual statements in the order appealed from in their best light, it is still wholly unclear upon what document in the record the majority can rely as the foundation for its determination. The order states, on the one hand, that "Plaintiff did not move, either by notice of motion or order to show cause, for an order of reference, but submitted a proposed ex parte order of reference to this Court for signature on November 12, 2009" (emphasis added). Yet, the same order also states that the court declined to sign the proposed order "on the ground that the affidavit in support of the motion was incomplete in that it left blank various important dates (emphasis added)." Thus, it is unclear whether the plaintiff submitted a motion, or merely submitted to chambers an unsolicited ex parte proposed order of reference.
There is a meaningful distinction between moving for an order of reference, which is a procedure recognized in the law (see CPLR 3215[b]; RPAPL 1321), and merely submitting an unsolicited ex parte proposed order to a judge's chambers, which the Supreme Court, in the order appealed from, stated was not a permissible way to seek judicial relief. Indeed, given that plaintiffs in mortgage foreclosure actions must meet various requirements before moving for an order of reference, such as giving homeowners specific notices (see RPAPL 1304), filing a certificate of merit with appropriate documentation (see CPLR 3012-b), and participating in mandatory settlement conferences (see id. § 3408), this Court should not recognize an improper submission of an ex parte order of reference to a judge's chambers as a proper "proceeding" within the meaning of CPLR 3215(c). Holding otherwise only encourages improper conduct by rewarding those who engage in it with a free pass on a CPLR 3215(c) dismissal should they choose to neglect the case.
Given the contradictory information in the order appealed from as to what was submitted to the Supreme Court in November 2009, and the plaintiff's failure to attach to its motion papers what was actually submitted in November 2009, we not only lack a sufficient record upon which to review the court's determination of the "taking proceedings" argument that it had itself raised, but are now left with an opinion by the majority that, through judicial pronouncement, unjustifiably expands the scope of that term well beyond what the legislature intended in CPLR 3215. The statute describes specific proceedings to take for a default judgment; it does not mention manifesting an "intent not to abandon an action." The purpose of CPLR 3215(c) is to compel plaintiffs to proceed expeditiously toward judgment when defendants are in default, and not merely to do something that manifests an intention to not abandon the action (see Giglio v NTIMP, Inc., 86 AD3d at 307).
In Freedom Mtge. v Engel (37 NY3d at 20), the Court of Appeals, in the context of ruling as to whether a mortgage foreclosure action was time-barred, "emphasized the need for reliable and objective rules permitting consistent application" of statutes of limitation. Similar to a statute of limitation, a statutory dismissal of a complaint under CPLR 3215(c) involves a dismissal of a complaint based upon a failure to meet a strict statutory deadline. As in Engel, a dismissal under CPLR 3215(c) must be based upon consistent application of objective rules so that the plaintiff knows what it must do in order to avoid a dismissal under CPLR 3215(c), and the court knows when it is appropriate to dismiss a case under that section. The majority's approach does the opposite; it requires courts to look backwards to determine whether anything the plaintiff did evinced the plaintiff's subjective intent to not abandon an action in order to determine whether the statutory [*12]deadline was met.[FN8]
In sum, in a mortgage foreclosure action, the proper inquiry as to whether the plaintiff timely "took proceedings" pursuant to CPLR 3215(c) is whether the plaintiff moved for leave to enter a default judgment and for an order of reference within the requisite one-year period. If a plaintiff is moving for an order of reference many years after the defendant defaulted in answering the complaint, and argues that its complaint should not be dismissed under CPLR 3215(c) because it had sometime earlier taken proceedings within the requisite period, it is incumbent upon the plaintiff to show that it moved for an order of reference within that requisite period. It cannot, as the majority holds, merely point to something that it did evincing an intent to not abandon the action. Here, since the plaintiff failed to proffer the paper or papers submitted to the Supreme Court in November 2009, it failed to show that it "took proceedings" for the entry of judgment within the meaning of CPLR 3215 so as to avoid dismissal.
In any event, if "evincing an intent to not abandon the action" is really the standard that should be applied under CPLR 3215(c), then the plaintiff has not met it, and it is remarkable that the majority would find that it did. The record demonstrates that, after dropping off whatever it was that it dropped off to chambers in November 2009, which was rejected by the Supreme Court as an improper submission, the plaintiff neither corrected the deficiencies identified by the court as to that unknown document, nor filed it, nor served it, nor did anything else in the case for nearly six years.
Indeed, the fact that the majority has seen fit to reach the issue of what constitutes "tak[ing] proceedings" for the purposes of CPLR 3215(c) in a case such as this—where the plaintiff never preserved the issue before the Supreme Court and, in fact, conceded that it had not taken such proceedings in the court of first instance, never sought permission to appeal, failed to assemble a proper record for this Court's review and failed to perfect the appeal that it had filed that would have addressed this issue—begs the question of why? In sum, the majority's determination deviates from the bulk of this Court's precedent in a case with no record to support it, and a poor procedural foundation.
Accordingly, we vote to dismiss the appeal.
ENTER:
Maria T. Fasulo
Clerk of the Court



Footnotes

Footnote 1: The order appealed from identifies the filing date of the motion as May 14, 2015, at page 11 of the record on appeal although an affirmation of regularity signed by counsel identifies the date as March 12, 2015, at page 37 of the record. The discrepancy makes no difference to the analysis of this appeal.

Footnote 2: The appellate brief requests this Court to take judicial notice, for the first time, of a purported additional motion for the appointment of a referee that was filed on June 10, 2010, and withdrawn on July 6, 2010. We decline to do so. The time for the plaintiff to make such an argument, via proof or by judicial notice, was when it had opportunities to do so at the Supreme Court.

Footnote 3: The order appealed from identified the filing date of the motion as November 18, 2015, but that date could not be accurate as the notice of motion was not signed and dated until December 1, 2015. The papers were served on December 3, 2015. We therefore refer to this motion as having been filed on or about December 1, 2015.

Footnote 4: The appellate brief, which is not part of the record, merely states that "a motion to reargue was filed on November 3, 2016, but denied [by order entered January 18, 2017]." Notably, in the appellate brief, the plaintiff's counsel referred to this motion as a "motion to reargue" rather than a motion to vacate, perhaps unwittingly.

Footnote 5:The majority makes its argument out of whole cloth by erroneously contending that the plaintiff had submitted "an ex parte order to show cause for an order of reference" within one year after the defendant's default. This purported fact upon which its argument rests misstates the record. The observation by the Supreme Court in the order appealed from entered February 10, 2016, which denied the plaintiff's 2015 motion for an order of reference, and, pursuant to CPLR 3215(c), sua sponte, directed dismissal of the complaint as abandoned, referenced only a proposed ex parte order of reference, not an order to show cause.

Footnote 6:Although our colleagues are careful to note that their respective Bray v Cox determinations only apply under the unique circumstances of this case, they fail to articulate what makes this case so extraordinary that it warrants an exemption from the requirement to timely perfect an appeal. Indeed, the plaintiff's extraordinary delay throughout the case and the insufficiency of the appellate record suggest that no exception from our jurisprudence should be made for this appellant.

Footnote 7: Although our concurring colleague reaches the merits of this appeal, she does not expressly adopt the new preservation exception articulated in Justice Dillon's opinion. Indeed, it seems that she has reached the merits solely "in the interests of justice."

Footnote 8: Recently, this Court decided three cases which have drifted away from this Court's jurisprudence with respect to what constitutes "tak[ing] proceedings" pursuant to CPLR 3215(c) (see Citimortgage, Inc. v Zaibak, 188 AD3d 982; U.S. Bank, N.A. v Duran, 174 AD3d 768; Aurora Loan Servs., LLC v Gross, 139 AD3d 773). The majority relies on these cases to further expand the scope of that term; however, the cases actually illustrate how the majority's construction of "take proceedings" leads to inconsistent outcomes. For example, in Citimortgage, Inc. v Zaibak (188 AD3d 982), this Court held that the mere filing of a specialized request for judicial intervention (hereinafter RJI) seeking a mandatory foreclosure settlement conference, which is statutorily mandated to be filed contemporaneously with proof of service of the summons and complaint (see CPLR 3408; 22 NYCRR 202.12[a]), constituted the taking of proceedings for entry of a default judgment within the meaning of CPLR 3215(c) on the basis that the filing of an RJI evinces an intent to not abandon the action.
Citimortgage, Inc. v Zaibak (188 AD3d 982) and the authority it relies upon, illustrate the need for uniform application of an objective rule in determining what falls within the term "take proceedings" in CPLR 3215(c) as Zaibak is patently inconsistent with other established jurisprudence of this Court upholding dismissals under CPLR 3215(c) where the plaintiff failed to move for an order of reference within the requisite one-year period. It is also inconsistent with this Court's precedent, cited in the majority opinion, holding that the time to move for an order of reference is tolled during the pendency of mandatory mortgage foreclosure settlement conferences, and that a dismissal under CPLR 3215(c) is proper where the plaintiff has failed to move for an order of reference within one year after release from the mandatory mortgage foreclosure settlement conference part (see Chase Home Fin., LLC v Taveras, 185 AD3d 647; U.S. Bank N.A. v Penate, 176 AD3d 758, 760; HSBC Bank USA, N.A. v Slone, 174 AD3d at 866, 867; U.S. Bank, N.A. v White, 174 AD3d 764, 765; HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850).